IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYMANTEC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 16-1176 (SLR) |
| | ) | |
| ZSCALER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **SCHEDULING ORDER**

At Wilmington this 17th day of March, 2017, the parties having satisfied their obligations under Fed. R. Civ. P. 26 as described in the court's order for a scheduling conference; and the court having conducted its case management conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

1. **Fact Discovery.**

    (a) All fact discovery shall be commenced in time to be completed by **February 28, 2018.**

    (b) **Management.** Consistent with this order and the court's order for a scheduling conference, all discovery disputes, and the overall management of discovery, are referred to a Magistrate Judge, pursuant to 28 U.S.C. § 636.

    (c) **Initial Disclosures.** Absent agreement among the parties:

    (1) The parties shall exchange the following information by **March 22, 2017: Initial disclosures under Fed. R. Civ. P. 26(a)(1) and the Initial Disclosures Required by Paragraph 3 of the Default Standard for Discovery.**

(2) On or before **April 5, 2017**, plaintiff shall identify the accused product(s)[1] and its damages model, as well as the asserted patent(s) the accused product(s) allegedly infringe(s). Plaintiff shall produce the file history for each asserted patent.

(3) On or before **May 5, 2017**, defendant shall produce to plaintiff the core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).

(4) On or before **June 16, 2017**, plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(5) On or before **July 28, 2017**, defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(6) The Magistrate Judge shall thereafter conduct a status conference to ensure that the initial exchanges and contentions have been meaningful.

(d) **Document production**.

(1) Maximum of 225 requests for production by each party to any other party.

(2) Discovery of paper and electronic documents shall be substantially completed on or before **October 27, 2017**, absent agreement of the parties or further order of the Court on a showing of good cause.

---

[1] Including accused methods and systems.

(e) **Depositions**.

(1) No deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(2) The number of depositions (and any other issues related to depositions) shall be addressed by the Magistrate Judge no later than the completion of document production.

(f) **Written Discovery**.

(1) Maximum of 30 interrogatories by each party to any other party. The parties agree that an interrogatory seeking information related to more than one asserted patent, more than one product, or more than one asserted prior art reference will not constitute multiple discrete subparts under Federal Rule of Civil Procedure 33 solely on the basis that the interrogatory covers multiple asserted patents, multiple products, or multiple prior art references.

(2) Final infringement contentions[2] shall be due on or before **January 26, 2018.**

(3) Final invalidity contentions shall be due on or before **February 23, 2018**.

(4) Maximum of 75 requests for admission by each party to any other party, other than requests relating to the authenticity or admissibility of documents.

(g) **Supplementation.** No later than **the date of their respective final contentions**, each party must finally supplement, *inter alia*, the identification of all accused products or of all invalidity references.

---

[2] The adequacy of all such contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

**2.     Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and/or to amend pleadings shall be filed on or before **September 15, 2017**.

**3.     Willfulness.** If willfulness has been asserted, defendant must inform plaintiff that it intends to rely on the opinion of counsel no later than **September 15, 2017**.

**4.     Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[3] for the purposes of exploring ADR.

**5.     Claim Construction.**[4]

(a)     The parties shall exchange lists of those claim terms in need of construction (along with their respective proposed constructions) on or before **August 11, 2017**.

(b)     The parties shall agree upon and file a Joint Claim Construction Statement on **September 1, 2017**. For any contested claim limitation, each party must submit a proposed construction.[5]

(c)     Plaintiff shall serve and file its opening brief on claim construction on or before **September 8, 2017**.

(d)     Defendant shall serve and file its answering claim construction brief on or before **October 6, 2017**.

(e)     Plaintiff shall serve and file its reply brief on or before **October 19, 2017**.

(f)     Defendant shall serve and file its surreply brief on or before **November 1, 2017**.

---

[3]  The court may also refer ADR to a Special Master.

[4]  The parties must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

[5]  Resorting to "plain and ordinary" meaning is not sufficient, as it effectively leaves claim construction in the hands of the experts rather than the court.

(g) The court shall conduct a hearing on claim construction on [If convenient for the Court, the parties suggest a claim construction hearing during the week of November 13, 2017].[6] November 30, 2017 at 9:10 a.m.[6] _See_

(h) The court shall issue its decision on claim construction on or _See_ before January 25, 2018.

(i) The court shall thereafter conduct a status conference on [if convenient _See_ February 8, 2018 @ 4:30 p.m. for the Court, the parties suggest a status conference during January 2018, if the Court has issued its claim construction decision by that date], the purpose of which is to discuss the scope of the case (vis a vis the number of patents, claims, products, prior art references, etc.) and determine whether any limits need to be imposed to focus the case prior to expert discovery.

6. **Expert Discovery.**

(a) All expert discovery shall be commenced in time to be completed by **June 8, 2018**.

(b) Expert reports on issues for which the parties have the burden of proof shall be served on or before **March 23, 2018**. Rebuttal expert reports shall be served on or before **May 4, 2018**. Supplemental reports (on, e.g., secondary considerations of obviousness) shall be served on or before **May 25, 2018**.

(c) Expert depositions are limited to a maximum of 7 hours per expert per report, absent agreement of the parties or order of the court.

(d) The court shall conduct an in-person status conference on [if convenient _See_ June 18, 2018 @ 4:30 p.m. for Court, the parties suggest an in-person status conference during the week of June 18,

---

[6] Unless otherwise directed, the court shall conduct its proceedings in courtroom 4B, fourth floor United States Courthouse, 844 King Street, Wilmington, Delaware.

- 5 -

**2018]**, if the parties have any issues regarding expert discovery. No *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the court at this conference and the court deems a motion practice appropriate.

7.  **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during fact discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness disclosed during fact discovery that it intends to call at trial. It is expected that all such witnesses have been vetted during the fact discovery process.

8.  **Motion Practice.**

    (a)  All motions to dismiss, to amend, and to transfer (and any discovery motions permitted by a Magistrate Judge) shall be resolved by a Magistrate Judge, pursuant to 28 U.S.C. § 636.

    (b)  All other motions, including motions to stay and for summary judgment, shall be referred, if at all, on an individualized basis.

    (c)  All summary judgment motions shall be served and filed on or before **July 6, 2018**. Absent order of the court, no summary judgment motion may be filed earlier than said date, and no such motion may be filed in the absence of a jury demand.

    (1)  Opening briefs on infringement and invalidity shall be served and filed on **July 6, 2018**.

    (2)  Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on **August 3, 2018**.

- 7 -

        (3)    Where cross-motions are presented:

            (i)    Combined answering-reply briefs on infringement and invalidity in response to the briefs filed pursuant to (2) above shall be served and filed on **August 31, 2018**.

            (ii)    Reply briefs on noninfringement and validity shall be served and filed on **September 14, 2018**.

        (4)    Where cross-motions are not presented:

            (i)    Answering briefs on infringement and invalidity shall be served and filed on **July 27 2018**. Answering briefs on noninfringement and validity shall be served and filed on **August 31, 2018**.

            (ii)    Reply briefs on infringement and invalidity shall be served and filed on **August 10, 2018**. Reply briefs on noninfringement and validity shall be served and filed on or before **September 14, 2018**.

        (5)    The court shall hear oral argument on said motion(s) on **October 5, 2018**.

9.    **Communications with the Court.**

        (a)    Absent express approval by the court, any application to the court for relief shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion.

        (b)    No telephone calls shall be made to chambers.

        (c)    Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on the court's website and e-mail the completed forms to

slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. **NO ATTACHMENTS** shall be submitted in connection with said e-mails.

(d) To be considered timely filed, all papers shall be electronically filed on or before 8:00 p.m. Eastern Time.

**10. Motions in Limine.** No motions in limine shall be filed. Instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

**11. Pretrial Conference.** A pretrial conference shall be held on **January 3, 2019**. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

**12. Trial.** This matter is scheduled for a **10-day trial** commencing on **January 21, 2019**. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their evidence and argument.

_____<br>SENIOR UNITED STATES DISTRICT JUDGE

10896098