UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>ZSCALER, INC.,<br><br>    Defendant. | Case No. 17-cv-04426-JST (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 125, 126, 127, 128 |

## INTRODUCTION

Symantec Corp. filed this patent infringement action against competitor Zscaler, Inc. *See* First Am. Compl., Dkt. No. 139; Joint Case Mgmt. Stmt., Dkt. No. 114. Symantec accuses Zscaler's cloud-based security product of infringing seven Symantec patents. *Id.* (both). The Presiding Judge has referred all discovery disputes in this matter to the undersigned. Dkt. No. 111.

Pending before the Court are four discovery letter briefs. *See* Ltr. Br. re: Former Symantec Employees, Dkt. No. 125; Ltr. Br. re: Patent Documents, Dkt. No. 126; Ltr. Br. re: Defenses and Counterclaims, Dkt. No. 127; Ltr. Br. re: Log-In Credentials, Dkt. No. 128. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case").

Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

**DISCUSSION**

Symantec has not established that the discovery it seeks to compel is proportional to the needs of the case, at least at this juncture. The undersigned thus orders the following:

Symantec shall produce within 2 weeks of the date of this Order a list of its employees having knowledge of Symantec's asserted patents or the technology covered by those patents. Within 30 days of receiving Symantec's list, for every person identified on the list, Zscaler shall state it has no record of employment or shall respond to Interrogatory No. 8. This resolves Docket No. 125.

Symantec's Interrogatory No. 11 is facially overbroad and premature. Symantec has not established how information related to "all of [Zscaler's] issued patents, invention disclosures, or

2

pending or abandoned patent applications . . . covering or concerning any aspect, feature or functionality of each Accursed Product" (Ltr. Br. re: Patent Documents, Ex. 1) is relevant or proportional to the claims or anticipated defenses in this action. Symantec's request to compel Zscaler to respond to Interrogatory No. 11 or prohibit Zscaler from later asserting that its product is covered by any Zscaler patent or patent application, is denied. This resolves Docket No. 126.

Symantec's Interrogatory No. 12 asks Zscaler to identify each of its defenses and counterclaims in this case. Zscaler argues this interrogatory is premature: Symantec filed a (redacted) first amended complaint on December 22, 2017 (Dkt. No. 131), filed the unredacted version of the document on January 8, 2018 (Dkt. No. 139), and stipulated that Zscaler's response was not due until January 25, 2018 (Dkt. No. 137). The undersigned agrees Interrogatory No. 12 is premature. Zscaler shall list its defenses and counterclaims if and when Symantec's claims proceed past the motion to dismiss stage, and/or when Zscaler answers Symantec's claims. This resolves Docket No. 127.

Symantec's Request for Production No. 70 asks Zscaler to provide log-in credentials for Zscaler's Cloud Security Platform.[1] Zscaler already has provided the source code for its Cloud Security Platform. Ltr. Br. re: Log-In Credentials at 4. Symantec argues it nonetheless needs to access the Platform to obtain "important evidence, such as graphical interfaces, that the source code does not and cannot provide, and that may in many instances be better evidence than the source code itself." *Id.* at 3. Although the undersigned is not persuaded that the burden asserted by Zscaler is significant, Symantec has not established the information it would be able to obtain with the log-in credentials is relevant or proportional. None of the asserted patents teaches graphical-interface claims, and Symantec previously described user interface discussions in technical documents as "largely irrelevant." *Id.* at 5. Symantec's request for log-in credentials is denied without prejudice. The parties are ordered to meet and confer once more (by telephone, videoconference, or in person) regarding RFP No. 70. If the parties cannot resolve this dispute, they may file a supplemental joint letter brief addressing the issues raised by this Order. This

---

[1] In the absence of any argument that Symantec was prejudiced by Zscaler's inadvertent six-day delay in responding to the RFP, the undersigned will not find Zscaler has waived its objections.

3

resolves Docket No. 128.

## CONCLUSION

This Order resolves Docket Nos. 125-128.

**IT IS SO ORDERED.**

Dated: January 9, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge