IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>                    Plaintiff,<br><br>    v.<br><br>ZSCALER, INC.,<br><br>                    Defendant. | Case No. 3:17-cv-04426-JST |

**JOINT LETTER BRIEF RE ZSCALER'S PATENT LOCAL RULE 3-3(c) INVALIDITY CONTENTIONS**

The Honorable Judge Maria-Elena James
San Francisco Courthouse
Courtroom B - 15th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

      Re:    Symantec Corporation v. Zscaler, Inc., Case No. 3:17-CV-04426-JST

Dear Judge James:

    Plaintiff Symantec Corporation and Defendant Zscaler, Inc. respectfully submit this joint letter under the Court's Discovery Standing Order in the above-referenced action to address a discovery dispute concerning Zscaler's invalidity contentions.

    Counsel for the parties met and conferred in person on February 9, 2018 and February 28, 2018, in a good faith effort to resolve this dispute. Counsel have been unable to reach agreement and therefore submit this joint letter.

Dated: March 9, 2018

| | |
|---|---|
| BAKER BOTTS L.L.P. | KEKER, VAN NEST & PETERS LLP |
| */s/ Harrison Rich* | */s/ Neha Mehta* |
| Harrison G. Rich<br>*Counsel for Symantec Corporation*<br>1262078 | Neha Mehta<br>*Counsel for Zscaler, Inc.* |

The Honorable Judge Maria-Elena James            - 1 -                    Dated: March 9, 2018

**Joint Section – Background of the Dispute:**

    Zscaler served invalidity contentions under Northern District local rules on November 17, 2017. Symantec sent Zscaler correspondence on December 10, 2017, asserting deficiencies in Zscaler's invalidity contentions. Zscaler responded via letter on January 29, 2018. The parties met and conferred about these disputes in person on February 9 and February 28, 2018, and were unable to resolve them. This letter addresses the parties' dispute under Patent Local Rule 3-3(c).

**Plaintiff Symantec's Position: Zscaler's Invalidity Contentions Are Deficient Under Patent Local Rule 3-3(c)**

    Zscaler's invalidity contentions are not compliant with Patent Local Rule 3-3(c) because they fail to address this District's new "*how*" requirement in amended Rule 3-3(c). Symantec has pointed out this deficiency to Zscaler multiple times since September 2017, and each time Zscaler has refused to supplement its contentions.

    The Northern District amended Patent Local Rule 3-3(c) on January 17, 2017, to require an identification of "where ***and how*** in each alleged item of prior art each limitation of each asserted claim is found." This amendment clarifies that merely block quoting portions of a reference without any explanation of "how" the quotations disclose each limitation does not meet Rule 3-3(c). At best, block quotes only identify "where"—and not "how"— in each reference a limitation is found. Zscaler's brief barely acknowledges amended Rule 3-3(c)'s new "how" requirement, let alone address that portion of the rule.[1] Zscaler apparently urges the Court to render the added "how" language meaningless by allowing contentions that only identify "where" (i.e., with citations and quotations) the prior art purportedly discloses each limitation.

    Though it appears that no court in this District has addressed this amended language, the *Slot Speaker* decision was issued after the amendment and is instructive. *Slot Speaker Techs. v. Apple, Inc.*, No. 12-cv-01161-HSG (DMR), 2017 WL 235049, *1 (N.D. Cal. Jan. 19, 2017). In that case, the invalidity charts block quoted references and highlighted particular portions of text without any explanation of the quotes. *Id.* at *3-4. The court held that the charts did not satisfy pre-amended Rule 3-3(c), because they did not explain how the quoted text and figures disclosed each limitation. *Id.* at *4.

    Here, Zscaler's invalidity charts do not explain "how" each reference discloses each limitation and are remarkably similar to the contentions in *Slot Speaker*. Like the charts held insufficient in *Slot Speaker*, Zscaler's charts contain extensive block quotations without any explanation of ***how*** the quotations relate to particular limitations. As a representative example given Symantec's page constraint, Exhibit 036-3 to Zscaler's invalidity contentions is a chart that copies

---

[1] Zscaler cites to a trio of cases to argue that its contentions are consistent with the standard practice of this court. All of those cases are inapplicable, because they issued years before this District's 2017 amendment to Patent Local Rule 3-3(c). As such, none of those cases address the new "how" requirement in Rule 3-3(c).

1262078

The Honorable Judge Maria-Elena James        - 2 -                    Dated:  March 9, 2018

and pastes screenshots from product documentation of the Oakley SureView system without any explanation of how the excerpted text applies to any claim limitations.  *Compare* Ex. 1 (Zscaler's Ex. 036-3), *with Slot Speaker*, 2017 WL 235049, *4 (excerpting claim chart).  But ***how*** does that reference's disclosure of "[o]nce deployed, the SureView agents receive policies from the Server. (The initial policy is shown in green in the diagram.)  Policies tell the SureView agents what activity to look for and how to respond once a potential policy violation is discovered" disclose the limitation of "using the signature of the output file to prevent extrusion of obfuscated sensitive content within the output file?"  If the *Slot Speaker* charts were deficient under the pre-amended Rule 3-3(c) that did not require an explanation of "how" the reference discloses each limitation, Zscaler's charts must necessarily fail under the stricter amended version of that rule that explicitly requires such an explanation.  ***All*** of Zscaler's invalidity charts use the same tactic of block quoting references without any explanation of "how" each quote discloses the limitations.  This lack of explanation of "how" does not provide notice of Zscaler's theories and does not meet the new "how" requirement of Rule 3-3(c).

Compounding the problem, Zscaler's charts often incorporate all disclosures from one limitation into a distinct limitation—again without any explanation of how the same quote discloses distinct limitations.  For example, in Exhibit 036-2, Zscaler's chart repeats almost all of the same quotes across distinct limitations (e.g., across limitations "1.a" and "1.b").  Ex. 2 (Ex. 036-2, pp. 2-16).  As another example, in Exhibit 036-3, Zscaler's chart for several distinct limitations (e.g., limitations "1.c.iii," "1.d," and "1.e") cross-references the charts for other limitations in Claim 1. Ex. 1 (Ex. 036-3, p. 10).  As another example, Zscaler's chart in Exhibit 036-2 for Claim 5—which includes three separate steps—merely states "*See* claim 4 and claim 1" without any further explanation of what disclosures in "claim 4 and claim 1" apply to Claim 5 and how they disclose the limitations of that claim.  Ex. 2 (Ex. 036-2, p. 37).  But which disclosures from the nine steps of Claim 1 and two steps of Claim 4 is Zscaler relying on for Claim 5?  Zscaler's chart even refers to limitations that have ***completely blank charts***.[2]  Ex. 1 (Ex. 036-3, pp. 15-16) (citing Claim 4's blank chart for Claim 5, which depends from Claim 4).[3]

Zscaler's lack of any explanation of how the disclosures relate to the limitations creates multiple problems.  First, it forces Symantec and the Court to guess as to what Zscaler's invalidity theory is.  A danger with allowing Zscaler to conceal its invalidity theory is that it will be difficult for Symantec and the Court to determine which theories Zscaler has stated and to force Zscaler to adhere to those theories.  For example, how will Symantec and the Court determine if Zscaler's invalidity expert has presented a new invalidity theory?  Second, it alleviates Zscaler from its obligation to crystallize its invalidity theory early in the case.  Indeed, Zscaler's invalidity charts

---

[2] Many of Zscaler's charts do not emphasize any text, though such emphasis without explanation is insufficient under *Slot Speaker* if it were in the charts.  *Slot Speaker*, 2017 WL 235049, *4 (holding unexplained quotes in invalidity contentions insufficient where text was emphasized).

[3] Zscaler cherry picks two excerpts from its invalidity contentions for the '543 and '959 Patents, but those excerpts merely exemplify the problem.  For example, the lack of explanation of "how" for the relied-upon quotation for the '959 Patent makes it unclear on which disclosures Zscaler is relying for the "requested computer file" and the "previously downloaded computer file."

1262078

The Honorable Judge Maria-Elena James        - 3 -                        Dated:  March 9, 2018

merely commit it to nothing more than relying on an undisclosed theory based on the block quotes.

Zscaler's failure to satisfy Rule 3-3(c) has prejudiced Symantec.  As noted above, Symantec has repeatedly attempted to obtain Zscaler's compliance with the Patent Local Rules to no avail.  In the meantime, Symantec has elected claims and developed claim construction positions without the ability to account for Zscaler's concealed invalidity theories.  Rather than "crystallize its theories," Zscaler has used its invalidity contentions to conceal its theories in violation of Rule 3-3(c).  *Slot Speaker*, 2017 WL 235049, *1.  Accordingly, Symantec requests that the Court strike Zscaler's invalidity charts (Exhibits 036-1 – 036-3; 113-1 – 113-5; 116-1 – 116-6; 227-1 – 227-5; 498-1 – 498-6; 543-1 – 543-6; 959-1 – 959-7) because they fail to explain "how" each reference discloses each limitation.  Given the prejudice to Symantec and Zscaler's refusal to correct the deficiencies on multiple occasions over five months, Zscaler should not be afforded the opportunity to amend its contentions.[4]

**Defendant Zscaler's Position: Zscaler has exceeded the requirements of Rule 3-3(c)**

In challenging Zscaler's invalidity charts, Symantec ignores Zscaler's comprehensive disclosures and improperly asks this Court to expand the requirements of Rule 3-3(c).  Rule 3-3 does not require a defendant "to prove its case or disclose specific evidence." *Verinata Health, Inc. v. Sequenom, Inc.*, No. 12-cv-00865-SI, 2014 WL 4100638, at *3 (N.D. Cal. Aug. 20, 2014).  Nor does it "mandate the disclosure of all evidence relevant to an accused infringer's invalidity theories." *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587-WHO, 2015 WL 757575, at *32 (N.D. Cal. Feb. 20, 2015).  Instead, "[t]he purpose of the patent local rule is to disclose invalidity theories and provide all parties with adequate notice of the information necessary to prepare the case." *TVIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545-HSG, 2015 WL 3956313, at *6 n.2 (N.D. Cal. June 28, 2015).

Zscaler's 41 claim charts – which total 3,012 pages – provide more than adequate notice to Symantec of Zscaler's invalidity contentions.  In each chart, Zscaler carefully excerpts text from each prior-art reference that discloses each limitation of each asserted claim.  The focused quotations included in Zscaler's claim charts provide clear notice of where ***and how*** the cited reference discloses the corresponding limitation.  Referring to Exhibit 543-2 of Zscaler's Invalidity Contentions, for example, Zscaler's chart for claim limitation 1.a. of the '543 patent clearly

---

[4] Zscaler's argument regarding Symantec's infringement contentions is irrelevant to this letter brief. In any event, Symantec's infringement contentions contain prose explanations of how Zscaler's product maps to the claim limitations—explanations that are absent in Zscaler's invalidity contentions.  And, Symantec noted during the parties' November 2, 2017 meet-and-confer that Symantec did not believe its infringement contentions were deficient, and that Zscaler should bring any alleged deficiencies to the Court to resolve the issues. Zscaler prepared three letter briefs regarding alleged deficiencies in Symantec's infringement contentions, however, upon receiving Symantec's responsive potions Zscaler declined to file any of them.  Now, over four months after the parties originally met-and-conferred, Zscaler's allegations that Symantec's infringement contentions are deficient ring hollow and appear retaliatory.

1262078

The Honorable Judge Maria-Elena James        - 4 -                    Dated:  March 9, 2018

identifies how and where "detecting an attack by malicious code on a first computer system" is found in the prior art by excerpting language disclosing a "system that can find, analyze and cure previously unknown viruses" and by emphasizing the phrases "detect new and unknown viruses" and "detecting a virus at a client system."  *See* Ex. 3 (Ex. 543-2 at 2).  As another example, Exhibit 959-3 clearly discloses where the claim limitation "comparing the hash of the chunk of the requested computer file to a hash of a chunk of a previously downloaded computer file" appears in the Sobel prior art patent by quoting and emphasizing the phrase "comparing the calculated digest with a prestored digest for that chunk."  *See* Ex. 4 (Ex. 959-3 at 9).

The rest of Zscaler's charts are similarly clear, and are consistent with the standard practice in this district.[5]  Indeed, charts with substantially less detail than Zscaler has provided have been found to pass muster under 3-3(c).  *See Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. C04 05385 JW HRL, 2007 WL 951818, at *3 (N.D. Cal. Mar. 28, 2007) (finding charts citing to page numbers of the prior art reference to be adequate under 3-3(c)); *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST (NC), 2014 WL 1463609, at *9 (N.D. Cal. Apr. 11, 2014) (same); *Keithley v. The Homestore.com, Inc.*, 553 F. Supp. 2d 1148, 1150 (N.D. Cal. 2008) (finding claim charts including citations to references to be adequate).   Contrary to Symantec's assertion, these decisions are still applicable despite predating the amendment.  Symantec admits that *Slot Speaker* did not address the new "how" requirement of the local patent rules—and offers no case that does.  And Symantec has not offered an explanation for what more Zscaler should do to effectively address the "how" requirement.  Nor can it, as Zscaler has sufficiently done so.

Symantec's complaints about Zscaler's charts are general or conclusory.  Beyond a blanket assertion that it will be required to "guess" and repeating claim limitations, Symantec does not provide an explanation of a puzzling disclosure or a substantive example of a limitation it cannot identify in the corresponding prior art.  Indeed, in arguing that ***all*** of Zscaler's invalidity charts are insufficient, Symantec points to just two example charts.  And for these examples, Symantec simply argues that the block quotes and cross-references provided by Zscaler are problematic, without ever explaining how or why Zscaler's disclosures are deficient or offering any concrete suggestion of what additional information is needed.  Regarding the Oakley SureView system prior art, for example, Symantec complains that the claim chart utilizes screenshots to show the functionality of the SureView system and repeats verbatim one claim limitation and one disclosure, without explaining substantively why it believes the screenshots are problematic and/or fail to disclose the claim limitation for which Zscaler relies on them.  Symantec then makes a blanket assertion that all of Zscaler's claim charts are deficient simply because they also contain block quotes and cross references. Again, Symantec offers no explanation of how or why the specific excerpts and cross-references disclosed by Zscaler are insufficient; or how Zscaler allegedly violates Rule 3-3(c).  Symantec cites no holding that cross references are insufficient, or that a party must formalistically duplicate the same disclosure in every cell that contains the same or similar claim language.

---

[5] Due to the length of Zscaler's invalidity charts, Zscaler has attached only illustrative portions.  The full contentions can be provided should the Court wish to examine them.

1262078

The Honorable Judge Maria-Elena James        - 5 -                    Dated: March 9, 2018

Symantec's reliance on *Slot Speaker* is likewise overstated – the Court in *Slot Speaker* did not issue a blanket holding that using cross references and excerpting and highlighting language is insufficient under the rules. *See Slot Speaker Techs.*, 2017 WL 235049. Instead, the Court analyzed three specific examples, and agreed that those specific examples did not adequately set forth the prior art's disclosure of the asserted claim limitations. *Id.* at *3-5. The Court did not hold that excerpting text from the prior art is insufficient *per se*. Nor did the Court suggest that Apple was required to add narrative explanations – which is what Symantec appears to be pushing for now. *Id.* at *4. *Slot Speaker* certainly does not support the remedy Symantec is seeking here: an undifferentiated determination that over 3,000 pages of claim charts are insufficient simply because they use cross references and excerpted text.

Symantec also fails to explain how its posited interpretation of the Patent Local Rules can be squared with its own Rule 3-1(c) infringement charts, which similarly require "a chart identifying where ***and how*** each limitation of each asserted claim is found within the Accused Instrumentality." (emphasis added). Symantec's charts contain far less detail than Zscaler's, and indeed do actually repeat the type of indiscriminate block quoting that Symantec protests above. *See* Ex. 5 (Excerpt of Supplemental Infringement Contentions '113) (providing unexplained quotations and unannotated, repeated screen shots from high-level Zscaler product descriptions). Yet, despite the fact that the level of detail required is the same under Rule 3-1(c) and 3-3(c), Symantec insists its own claim charts are sufficient.[6] *See Slot Speaker Techs.*, 2017 WL 235049, at *2 ("the level of specificity required by Rule 3-3(c) for invalidity contentions is the same as that required by Rule 3-1 for infringement contentions").[7]

Finally, even if the Court credits any of Symantec's arguments, it should reject Symantec's draconian request to strike Zscaler's invalidity charts. "In this district, motions to strike initial infringement contentions are frequently treated as motions to compel amendment of the infringement contentions[,]" particularly where, as here, the case is still young, the alleged defects are curable, and there is no prejudice. *Karl Storz*, 2017 WL 5257001 at *7; *accord Tech. Properties Ltd. LLC v. Samsung Elecs. Co.*, 114 F. Supp. 3d 842, 852 (N.D. Cal. 2015). Thus, if the Court finds any of Symantec's complaints to have merit, it should grant Zscaler leave to amend to fix any specifically identified issues.

In sum, the Court should reject Symantec's overreaching view of Rule 3-3(c), as Zscaler has disclosed more than enough to provide the required notice of its contentions under the Patent Local Rules. *See Avago Techs.*, 2007 WL 951818, at *3.

---

[6] Zscaler has met and conferred with Symantec over Symantec's own infringement contentions, but Symantec has refused to provide additional detail. Accordingly, a letter brief will be submitted once the parties complete the joint briefing process.

[7] The fact that Zscaler previously raised objections to deficiencies in Symantec's infringement contentions similar to—and greater in degree than—those Symantec claims here is highly relevant to resolution of this motion, and to Zscaler's joint motion to follow. In fact it is Symantec who has failed to provide reasonable notice of its theories in this case.

1262078