UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION, <br> Plaintiff, <br> v. <br> ZSCALER, INC., <br> Defendant. | Case No. 17-cv-04426-JST <br><br> **ORDER DENYING MOTION FOR LEAVE TO AMEND** <br> Re: ECF No. 193 |

Before the Court is Plaintiff Symantec Corporation's motion for leave to file a second amended complaint. ECF No. 193. The Court denies the motion.

## I.   BACKGROUND

The parties compete in the computer security software market. Symantec sued Defendant Zscaler, Inc. for patent infringement in December 2016 in the District of Delaware. ECF No. 1. Two months later, Zscaler moved to dismiss, arguing the '959 and '227 patents, and claim 5 of the '116 patent, were invalid under 35 U.S.C. § 101. ECF Nos. 1, 9. Symantec then asserted only claim 5 of the '116 patent in an effort "to moot Zscaler's § 101 defenses for the other claims from the '116 patent." ECF No. 193 at 6. After the case was transferred, this Court entered a scheduling order and set a December 22, 2017 deadline to amend the pleadings. ECF No. 121. Symantec filed a first amended complaint ("FAC") on that date. ECF Nos. 131, 139. The amended complaint mooted the pending motion to dismiss.

On January 25, 2018, Zscaler filed a renewed motion to dismiss the same patents on invalidity grounds. ECF No. 149. Symantec opposed the motion on February 8, 2018, but did not seek leave to amend, either in its briefing or at oral argument on the motion. ECF Nos. 153, 176. Symantec also moved to strike Zscaler's motion to dismiss as it pertained to the '116 patent,

because Zscaler had not previously contended that the patent was invalid. ECF No. 155. The Court granted both motions on March 23, 2018. ECF No. 173. Neither party sought reconsideration.

Magistrate Judge James granted Zscaler leave to amend its invalidity contentions on April 18, 2018. ECF No. 185. One week later, Symantec told Zscaler it intended to file a motion to amend the pleadings and to reassert claim 1 of the '116 patent. ECF No. 193. The next day, Zscaler amended its invalidity contentions to include claim 1 and claim 5 of the '116 patent and filed a motion for judgment on the pleadings for claim 5 of the '116 patent. ECF No. 185. Symantec served a draft of its second amended complaint ("SAC") on Zscaler on April 30, 2018. Zscaler then consented to Symantec's reassertion of claim 1, withdrew its motion, and filed a new motion for judgment on the pleadings on claims 1 and 5 of the '116 patent one day later. ECF No. 190. After two weeks passed, Symantec moved for leave to amend its complaint. ECF No. 193.

## II. STANDARD OF REVIEW

Because the deadline to amend pleadings passed on December 22, 2017, ECF No. 121 at 2, Symantec's request is governed by Rules 16(b)(4) and 15(a)(2) of the Federal Rules of Civil Procedure. *See Ctr. for Biological Diversity v. McCarthy*, No. C 13-5142 SBA, 2014 WL 3058321, at *2 (N.D. Cal. July 3, 2014) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)); *see also Richie v. Blue Shield of California*, No. C-13-2693 EMC, 2014 WL 6982943, at *14 (N.D. Cal. Dec. 9, 2014).

Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*; *see also Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

Under Rule 15(a)(2), "the court should freely give leave when justice so requires." Fed. R.

2

Civ. P. 15(a)(2). "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson*, 975 F.2d at 607.

### III. DISCUSSION

#### A. Diligence Under Rule 16(b)(4)

##### 1. Timeliness of the Request

Symantec argues that it acted diligently because it promptly disclosed its intent to amend, one week after Judge James granted Zscaler leave to amend its invalidity contentions. ECF No. 193 at 9. Symantec argues that "Zscaler should not be heard to object to Symantec's second amended complaint when Zscaler's untimely assertion of its § 101 defense created the need for Symantec to amend the complaint." *Id.* at 10. But Symantec fails to explain how Zscaler's additional invalidity contention affected its complaint, given that, in the ordinary course, a defendant files its invalidity contentions *after* the plaintiff files its complaint – just as occurred here. ECF No. 155 (filing FAC in December 2017); ECF No. 185 (filing invalidity contention amendment April 2018). Indeed, the patent local rules envision this precise order. *See* Patent L.R. 3-1 (requiring plaintiff to assert claims 14 days after the initial case management statement); Patent L.R. 3-3 (requiring defendant to disclose invalidity contentions 45 days after assertions).

The Court is also persuaded that Symantec acted dilatorily when it failed to request amendment at any point during oral argument on the motion to dismiss or in its opposition, nor did it seek reconsideration of the Court's decision to dismiss the patents with prejudice. ECF No. 198 at 10, 12-13. In short, Symantec's late request to amend is unwarranted.[1]

---

[1] Zscaler argues that Symantec's motion is a thinly veiled attempt to avoid Rule 54(b)'s rigorous standards for obtaining reconsideration of a prior ruling. ECF No. 198 at 16. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Harrison v. Milligan*, No. C 09-4665 SI (pr), 2012 WL 1835428, at *2 (N.D. Cal. May 21, 2012); *see also* Civ. L.R. 7-9(a). Symantec's efforts – particularly the lengthy arguments about inventiveness contained in its reply brief – do closely resemble a motion for reconsideration. Because the Court concludes that Symantec does not demonstrate good cause under Rule 16, it does not address this point further.

### 2. Reasons for the Request

Symantec contends that two recent Federal Circuit cases, *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018) and *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018), "fundamentally changed the analysis under § 101" and therefore justify its motion for leave to amend. ECF No. 193 at 7. But the Court considered these cases when it dismissed the '959 and '227 patents. ECF No. 173. The Federal Circuit issued *Berkheimer* on February 8th and *Aatrix* on February 14th, both well before the Court heard the motion on March 22 and issued its order on March 23. Symantec discussed *Berkheimer* in its opposition to Zscaler's motion to dismiss, and discussed both *Berkheimer* and *Aatrix* during oral argument regarding the motion, but Symantec never requested leave to amend. ECF No. 176 at 22. Symantec also raised *Aatrix* in a notice of supplemental decision, and Zscaler discussed both cases in its reply. ECF No. 193 at 12 & n.1 (citing ECF No. 157). The Court even cited to *Berkheimer* in its order dismissing the '959 and '227 patents. ECF No. 173 at 13 n.5.

Nonetheless, to give full consideration to Symantec's arguments, however, the Court considers again how these cases changed the legal landscape, if at all. In *Berkheimer*, the Federal Circuit affirmed in part and reversed in part a district court's grant of summary judgment on patent ineligibility grounds. *Berkheimer*, 881 F.3d at 1365. The court concluded each claim was directed to an abstract idea at step one of the eligibility analysis, but that for some claims the "question of whether a claim element or combination of elements [wa]s well-understood, routine and conventional to a skilled artisan in the relevant field [at step two wa]s a question of fact." *Id.* at 1368. The Federal Circuit recognized that in "many cases" there are no "disputes over the underlying facts material to the § 101 inquiry," and that "nothing in [its] decision should be viewed as casting doubt on the propriety" of determining patent eligibility on motions to dismiss. *Id.* The district court erred in dismissing four of the case's eight claims, however, because "improvements in the specification, to the extent they [we]re captured in the claims, create[d] a factual dispute regarding whether the invention describe[d] well-understood, routine, and conventional activities." *Id.* at 1370. In sum, under *Berkheimer* improvements in the specification captured in the claims *may* create fact questions which preclude finding a patent ineligible as a

4

matter of law. *See Cellspin Soft, Inc. v. Fitbit, Inc.*, No. 17-CV-05928-YGR, 2018 WL 1610690, at *10 n.12 (N.D. Cal. Apr. 3, 2018) (distinguishing *Berkheimer* where the plaintiff failed "to identify any portion of the specification which describe[d] the purportedly inventive" concept); *see also Uniloc USA, Inc. v. Apple Inc.*, No. C 18-00358 WHA, 2018 WL 2287675, at *7 (N.D. Cal. May 18, 2018) (same because "the instant motion tees up no factual dispute over whether or not a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field. . . [because] the '203 patent itself explains that those components and configurations were considered industry standard at the time of the claimed invention"); *TriPlay, Inc. v. WhatsApp Inc.*, No. CV 13-1703-LPS-CJB, 2018 WL 1479027, at *8 (D. Del. Mar. 27, 2018) ("Unlike, for instance, the claims involved in *Ber[k]heimer*, the specification here is silent as to what the specific claimed improvement is, how it differs from the prior art, or how any inventive feature, alone or as an ordered combination, is used in an unconventional manner.").

In *Aatrix*, the Federal Circuit reaffirmed that "patent eligibility can be determined at the Rule 12(b)(6) stage . . . when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Aatrix*, 882 F.3d at 1125. The district court abused its discretion, however, when it denied leave to amend because the proposed second amended complaint raised "factual disputes underlying the § 101 analysis." *Id.* at 1126. The proposed complaint "describe[d] the development of the patented invention, including the problems present in prior art" and specifically alleged "improvements and problems solved by the . . . patented inventions" which "contradict[ed] the district court's conclusion that the claimed combination was conventional or routine." *Id.* at 1127-28 (describing that the prior art extracted data only from widely available databases while the patent extracted property data from application software which eliminated hand typing). In conformity with the distinction drawn by *Aatrix*, district courts continue to dismiss patents as a matter of law at the Rule 12(b)(6) stage. *See T-Jat Sys. 2006, Ltd. v. Expedia, Inc. (DE)*, No. CV 16-581-RGA, 2018 WL 1525496, at *6 (D. Del. Mar. 28, 2018) ("[T]here is no dispute of fact as to 'whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan.' Plaintiff makes no 'concrete

5

1 allegations' to support its allegation that the 'particular characteristics' are not 'well-understood,

2 routine, or conventional,' or inherent to translation."). To this extent, *Aatrix* did not work a

3 "fundamental change" in the law.

4 Symantec also argues that *Aatrix* independently requires the Court to grant leave to amend

5 whenever the Court dismissed the complaint for lack of inventiveness under § 101 and the plaintiff

6 offers new "allegations that, taken as true, would directly affect the district court's patent

7 eligibility analysis." ECF No. 193 at 12 (quoting *Aatrix*, 882 F.3d at 1126-30). But *Aatrix* stood in

8 a very different posture from this case. In *Aatrix*, the Federal Circuit concluded the district court

9 abused its discretion in denying leave to amend under the more forgiving Rule 15(a) standard.

10 *Aatrix*, 882 F.3d at 1126 (acknowledging it reviewed the district court's denial under Rule 15(a));

11 *see also Aatrix Software, Inc. v. Green Shades Software, Inc.*, No. 3:15-cv-164-HES-MCR (M.D.

12 Fla. 2016), ECF No. 42 (scheduling order setting no deadline to amend pleading); *id.* at ECF No.

13 61 (moving for leave to amend under Rule 15(a)); *id.* at ECF No. 67 (denying motion for leave to

14 amend with no analysis). There is no shortage of cases finding that district courts abused their

15 discretion by denying leave to amend under Rule 15(a). *See Foman v. Davis*, 371 U.S. 178, 182

16 (1962) (finding denial of leave to amend under Rule 15(a) to be "merely [an]abuse of that

17 discretion and inconsistent with the spirit of the Federal Rules"); *Arizona Students' Ass'n v.*

18 *Arizona Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016) (concluding district court abused

19 discretion in denying leave to amend under Rule 15(a)); *Crowley v. Bannister*, 734 F.3d 967, 978

20 (9th Cir. 2013) (same); *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 701 (9th Cir. 2011)

21 (same); *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011) (same);

22 *Pub. Util. Dist. No. 1 of Grays Harbor Cty. Wash. v. IDACORP Inc.*, 379 F.3d 641, 653 (9th Cir.

23 2004) (same); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (same). Here, the parties agree

24 that the more searching Rule 16(b)(4) standard applies because the deadline to amend the

25 pleadings passed. ECF No. 121; *see also Santillan v. USA Waste of California, Inc.*, 853 F.3d

26 1035, 1048 (9th Cir. 2017) (finding no abuse of discretion in denying amendment under Rule

27 16(b)(4)); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013),

28 *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015); *Aventis Pharma S.A. v.*

*Hospira, Inc.*, 675 F.3d 1324, 1337 (Fed. Cir. 2012) (same); *Johnson*, 975 F.2d at 610 (same).

Zscaler argues that *Berkheimer* and *Aatrix* did not meaningfully disturb the legal landscape. ECF No. 198 at 11. Both preserved district courts' ability to dismiss patents as a matter of law at the Rule 12(b)(6) stage, and simply recognized that in *some* cases, factual disputes as to inventiveness can prevent dismissal. *Id.* *Berkheimer* and *Aatrix* do represent a shift in Federal Circuit law regarding motions to dismiss on ineligibility grounds. *See, e.g.*, Paul R. Gugliuzza, *Quick Decisions in Patent Cases*, 106 GEO. L.J. 619, 661 & n.313 (2018) (suggesting the Federal Circuit shift to finding more questions of fact in the eligibility analysis and noting on the eve of press that they did so in *Berkhimer* and *Aatrix*).[2] But the cases do not "fundamentally change" the landscape because courts continue to dismiss patents as a matter of law where there are no factual disputes. Neither the cases' substance nor their timing provides good cause for Symantec's requested amendment.

### B. Prejudice

The prejudice to Zscaler the proposed amendment would cause also counsels against granting Symantec leave to amend. On April 6, after the Court granted Zscaler's motion to dismiss with prejudice, Zscaler informed Symantec that it would terminate its pending petitions for *inter partes* review ("IPR") of the '959 patent. ECF No. 198 at 16. Symantec allowed Zscaler to terminate and did not mention its efforts to amend the complaint, and Zscaler terminated the petitions. *Id.* To allow amendment to reinstate these patents would cause prejudice.

### C. Futility Under Rule 15(a)

Zscaler argues that Symantec's proposed amendments are futile because no inventive concepts are captured in the claims of the '959, '227, and '116 patents. ECF No. 198 at 15. Because the Court denies Zscaler judgment on the pleadings for the '116 patent on the basis of the FAC in a concurrently filed order, the Court does not consider whether the SAC's amendments

---

[2] *See also* Robert Daniel Garza, *Software Patents and Pretrial Dismissal Based on Ineligibility,* 24 RICH. J.L. & TECH. 1, 114 (2018) ("The holdings in *Berkheimer* and *Aatrix Software, Inc.* provide procedural victories for software patent holders. . . . [P]erhaps the Federal Circuit is slowly swinging the pendulum back in favor of software patentees.").

7

regarding the '116 patent are futile. However, the Court did dismiss the '959 and '227 patents on the basis of the FAC with prejudice. ECF No. 173 at 18 ("[C]laims directed to patent-ineligible subject matter . . . cannot be cured through amendment of a complaint[.]") (citing *Papst Licensing GmbH & Co. KG v. Xilinx Inc.*, 193 F. Supp. 3d 1069, 1095 (N.D. Cal. 2016)). The Court considers whether an amendment to add these patents would be futile.

*Berkheimer*, *Aatrix*, and Symantec's SAC do not upset the Court's firm conclusion that the '959 and '227 patents, which break files into chunks for scanning, and scan in parallel when possible, are abstract. *See* ECF No. 173. Symantec does not ask the Court to reconsider this part of its analysis. ECF No. 208 at 11, 13 (arguing only that the patents are inventive); ECF No. 193 at 12-13 (same). The Court will take a closer look at inventiveness, however, because Symantec offers additional arguments on this point. *See, e.g.*, ECF No. 208 at 11, 13.

The '959 patent's specification does not claim that its method of scanning files in chunks, rather than in full, was not "well-understood, routine, and conventional." *Berkheimer*, 881 F.3d at 1368. At best, the patent claims that "many attacking agents can be detected only after a file has been fully downloaded," but not that breaking files into smaller chunks for scanning was inventive, unconventional, or in any way an improvement on the prior art. ECF No. 1-1 at 33. By contrast, the patent's specification in *Berkheimer*, "discusse[d] the state of the art at the time the patent was filed and the purported improvements of the invention." *Berkheimer*, 881 F.3d at 1369. Likewise, the specification "describe[d] an inventive feature that store[d] parsed data in a purportedly unconventional manner," through one-to-many editing, a method captured in several claims. *Id.*; *see also Cellspin*, 2018 WL 1610690, at *10 n.12 (distinguishing *Berkheimer* where the plaintiff failed "to identify any portion of the specification which describe[d] the purportedly inventive" concept).

The '227 patent also fails to capture in its claims any particular improvement on the prior art. The specification explains that "[t]ypically a block of data from an incoming or outgoing stream is cached, and then the entire block is serially scanned by each of a plurality of scanners[, which] can drastically reduce the speed of data transmission." ECF No. 1-1 at 51. This language does not describe that prior approaches were not scanning in parallel where possible; only that

"typically" a block was serially scanned. *Id.* Symantec also points to a segment of the prosecution history, ECF No. 193-19 at 18, which explains that the prior art generally considered hardware solutions best for high speed scanning, and that the software method claimed would not increase speed. This does not support Symantec's contention that the patent improved upon the prior art by reducing latency. ECF No. 208 at 12-13. The patent fails to describe any unconventional method that was not present in the prior art. *Berkheimer*, 881 F.3d at 1369; *see also Uniloc*, 2018 WL 2287675, at *7.

Amendment would be futile for both the '959 and '227 patents. *See Johnson*, 975 F.2d at 607 (explaining "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, *or* creates undue delay") (emphasis added).[3]

## CONCLUSION

For the foregoing reasons, the Court DENIES Symantec's motion for leave to amend.

**IT IS SO ORDERED.**

Dated: July 23, 2018

                                                                          JON S. TIGAR
                                                                          United States District Judge

---

[3] Zscaler notes that Symantec's proposed SAC also improperly asserts claim 1 of the '498 patent notwithstanding that Symantec statutorily disclaimed that claim. ECF No. 198 at 17 n.4 (citing SAC ¶¶156-64; ECF No. 152). Symantec does not respond. ECF No. 208.

9