UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SYMANTEC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ZSCALER, INC.,<br><br>Defendant. | Case No. 17-cv-04426-JST<br><br>**ORDER GRANTING MOTION TO STAY PENDING** *INTER PARTES* **REVIEW**<br><br>Re: ECF No. 197 |

Before the Court is Defendant Zscaler, Inc.'s motion for a stay pending *inter partes* review. ECF No. 197. For the reasons stated below, the Court will grant the motion.

## I. BACKGROUND

### A. Factual History

In this patent case, Plaintiff Symantec Corporation asserts infringement claims against Zscaler based on seven software patents, including U.S. Patent No. 8,661,498 ("the '498 Patent"). *See* ECF No. 139 ¶¶ 7-13. The accused products are components of Zscaler's cloud-based security platform. *Id.* ¶ 19.[1] Symantec currently asserts dependent claims 16, 21, 26, 29, 31, 32, and 36 from the '498 patent. ECF No. 130 at 4; ECF No. 206-3 at 7.

On May 1, 2017, Zscaler filed an *inter partes* review ("IPR") petition challenging claims 1, 2, 13-15, 23-28, and 35-39 of the '498 Patent. ECF No. 130-1 at 3. On November 16, 2017, the PTAB instituted IPR for all three independent claims and two dependent claims of the patent (claims 1, 2, 13, 28, and 39). *Id.*; ECF No. 197 at 7. Approximately a month later, Zscaler asked the Court to stay proceedings related to the '498 Patent. Symantec opposed the motion, ECF No.

---

[1] The Court also presides over a related case between the same parties involving seven different patents from those at issue here. ECF No. 89.

1    142, but then statutorily disclaimed all of the claims for which the PTAB instituted IPR, and
requested that the PTAB terminate its review. ECF No. 152 at 2. In response, Zscaler withdrew
its motion to stay, but the PTAB did not terminate review. ECF No. 197 at 7.

In April 2018, in *SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348, 1360 (2018), the Supreme Court held that when the PTAB institutes review, it must do so for all of the challenged claims in the IPR petition. Accordingly, the PTAB modified its institution decision on the '498 Patent, and instituted review for *all* of the challenged claims, including three of the seven '498 claims that Symantec currently asserts in this litigation (dependent claims 21, 26, and 36). *Id.* at 8.[2] The PTAB's written decision on the instituted claims is due by November 16, 2018. ECF No. 207 at 13.

## II. LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). In determining whether to stay a case pending review by the PTAB, courts consider the following factors: (1) whether discovery in the case is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005); *see also Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013) (applying the framework applicable to motions to stay pending PTO reexamination to motions to stay pending PTAB IPR).[3] While case law supplies these general considerations, the Court ultimately decides whether to issue a stay

---

[2] The asserted but non-instituted claims are 16, 29, 31, 32, each of which depends on instituted independent claims 1, 28 and 39. ECF No. 197 at 8.

[3] Pursuant to Congress's goal "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs," the IPR process offers "a timely, cost-effective alternative to litigation." Changes to Implement *Inter Partes* Review Proceedings, Post–Grant Review Proceedings, and Transitional Program for Covered Business Method Patents, 77 Fed. Reg. 48680-01, at *48680 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100, *et seq.*).

2

on a case-by-case basis. *See Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*, No. 13-cv-00457-JST, 2014 WL 1350813, at *1 (N.D. Cal. Apr. 3, 2014).

**III. DISCUSSION**

**A. Stage of the Proceedings**

The first factor asks the Court to consider the progress already made in the case, such as the completion of discovery, the setting of a trial date, and whether claim construction has occurred. *GoPro, Inc. v. C&A Mktg., Inc.*, No. 16-CV-03590-JST, 2017 WL 2591268, at *3 (N.D. Cal. June 15, 2017); *Universal Elecs.*, 943 F. Supp. 2d at 1031.

Claim construction discovery is closed in this case, but fact and expert discovery are ongoing. ECF No. 121; ECF No. 207 at 7 (explaining the parties exchanged and responded to requests for production and interrogatories and served subpoenas on third parties). Although claim construction is fully briefed, the Court has not held a *Markman* hearing or issued a claim construction order. ECF No. 121; *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at *2 (N.D. Cal. May 1, 2015) (weighing in favor of a stay even though claim construction was fully briefed and set for *Markman* hearing two weeks later); *Cypress Semiconductor Corp. v LG Elecs.*, C 13-4034 SBA, 2014 WL 5477795, at *2 (N.D. Cal. Oct. 29, 2014) (same).

Similarly, although the Court has ruled on one motion to dismiss and a motion for judgment on the pleadings, the Court has not set a deadline for dispositive motions or a trial date. ECF Nos. 121, 173, 190. *See, c.f.*, *GoPro, Inc.*, 2017 WL 2591268, at *3 (finding this factor weighed in favor of a stay where discovery commenced but no dispositive motion was ruled on); *SAGE Electrochromics, Inc. v. View, Inc.*, No. 12-CV-06441-JST, 2015 WL 66415, at *2 (N.D. Cal. Jan. 5, 2015) (similar).

This factor weighs in favor of granting a stay.

**B. Simplification of Issues**

The next factor asks the Court to examine whether and to what degree a stay will simplify the litigation. *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340 at *4 (N.D. Cal. Jan 13, 2014); *see also Cypress Semiconductor Corp. v. GSI Tech., Inc.*,

3

No. 13-CV-02013-JST, 2014 WL 5021100, at *3 (N.D. Cal. Oct. 7, 2014) (weighing in favor of a stay where all patents asserted were covered by the IPR). An IPR need not resolve all claims in order to simplify the Court's consideration of that patent. *See Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Commc'ns (U.S.A), Inc.*, No. 15-CV-00234-EDL, 2015 WL 13333678, at *3 (N.D. Cal. May 6, 2015) ("[T]he issue is simplification, not elimination."); *see also IXI Mobile (R & D) Ltd. v. Samsung Elecs. Co Ltd*, No. 15-CV-03752-HSG, 2015 WL 7015415, at *3 (N.D. Cal. Nov. 12, 2015).

The PTAB instituted review for some, but not all of Symantec's asserted claims. However, "it is of no moment that not all of the asserted claims of the [] patent are subject to the IPR." *Evolutionary Intelligence, LLC v. Livingsocial, Inc.*, No. 13-CV-04205-WHO, 2014 WL 2735185, at *2 (N.D. Cal. June 16, 2014). This is because "[e]ven if the IPR proceeding does not result in any cancelled or modified claims, this [C]ourt will receive the benefit of the PT[AB]'s expertise and guidance on these claims." *Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, No. 5:13-CV-04206-EJD, 2014 WL 2738501, at *4 (N.D. Cal. June 11, 2014).[4] The asserted but non-instituted claims overlap to a great degree with the instituted claims. Although Symantec statutorily disclaimed the instituted independent claims, the PTAB continues to consider those claims, and each of the asserted (instituted and non-instituted) claims depends on them. ECF No. 197 at 10. The PTAB's decision will simplify the Court's analysis of all asserted claims. *See, e.g.*, *Procter & Gamble Co. v. Conopco, Inc.*, No. 1:13-CV-732, 2014 WL 12656915, at *5-6 (S.D. Ohio Apr. 23, 2014) (explaining the PTAB's claim construction analysis can guide the district court even if PTAB invalidates no claim).[5]

This factor weighs in favor of granting a stay.

---

[4] The cases Symantec cites to counter this point are inapposite. *See Adaptix, Inc. v. HTC Corp.*, No. 5:14-CV-02359-PSG, 2015 WL 12839246, at *1 (N.D. Cal. Aug. 5, 2015) (denying request to stay the *entire case* where only certain patents were instituted); *GoPro, Inc.*, 2017 WL 2591268, at *4 (denying stay where IPR was not yet instituted).

[5] The court notes Zscaler's suggestion that the Court construe the '498 Patent claims during the related case's *Markman* hearing. ECF No. 210 at 4.

4

## C. Prejudice to Non-Moving Party

In weighing the prejudice to the non-moving party, the Court considers four sub-factors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." *Cypress Semiconductor Corp.*, 2014 WL 5021100 at *3. "Speculation that evidence will be lost, without more, is insufficient to demonstrate undue prejudice." *Evolutionary Intelligence, LLC*, 2014 WL 2738501, *6; *see also Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013) ("Delay alone, without specific examples of prejudice resulting therefrom, is insufficient to establish *undue* prejudice.").

The first three factors are easy. In light of the instituted IPR, its short length, and Zscaler's diligence in both petitioning for IPR and moving this Court for a stay, all three weigh in favor of a stay.

As to the third, "[c]ourts recognize that when the parties are direct competitors, the risk of prejudice is higher to the non-moving party than it would be otherwise." *Asetek Holdings, Inc.*, 2014 WL 1350813, at *5 (citations omitted). Symantec's evidence shows the two companies are competitors in a general sense, *see* ECF No. 206-4 at 16-17, but fails to show *how much* prejudice Symantec will suffer absent a stay. *See Cypress Semiconductor Corp.*, 2014 WL 5021100, at *5 ("while the Court can assume that Cypress will suffer some prejudice as a result of a stay due to the parties' status as competitors, the Court cannot assess the degree of prejudice without at least some probative evidence on the point"); *Asetek Holdings, Inc.*, 2014 WL 1350813, at *5 (same). While the Court gives some weight to the parties' competitive relationship, it does not give a great deal because of this lack of evidence as to the degree of prejudice.

Moreover, Symantec's prejudice showing is undercut by its failure to seek a preliminary injunction. ECF No. 197 at 13. Failing to seek a preliminary injunction weighs against prejudice because it suggests that money damages would compensate any loss. *Lighting Sci. Grp. Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co.*, No. 16-CV-03886-BLF, 2017 WL 2633131, at *4 (N.D. Cal. June 19, 2017); *see also, c.f.*, *SAGE*, 2015 WL 66415, at *5 (concluding that plaintiff's "failure to seek a preliminary injunction to date does bear on the undue prejudice analysis" but

5

does not "entirely outweigh[]" the competitive injury in light of the early stage of the proceedings).

This factor also weighs in favor of granting a stay.

## CONCLUSION

Because all three factors weigh in favor of granting a stay, the Court concludes that the motion for a stay should be GRANTED. Accordingly, the proceedings of the '498 Patent are stayed pending IPR review. *Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 14-CV-00570-BLF, 2015 WL 5935368, at *3 (N.D. Cal. Oct. 13, 2015) (granting partial stay); *Cellectricon AB v. Fluxion Biosciences, Inc.*, No. C-09-3150 RMW, 2011 WL 1557987, at *3 (N.D. Cal. Apr. 25, 2011) (same). The Court's consideration of the '498 Patent is stayed until the PTAB rules on the validity of its instituted claims.

**IT IS SO ORDERED.**

Dated: July 23, 2018

JON S. TIGAR
United States District Judge