**BAKER BOTTS L.L.P.**
Kurt M. Pankratz (SBN 24013291) (*Pro Hac Vice*)
kurt.pankratz@bakerbotts.com
Chad C. Walters (SBN 24034730) (*Pro Hac Vice*)
chad.walters@bakerbotts.com
James Williams (SBN 24075284) (*Pro Hac Vice*)
james.williams@bakerbotts.com
Harrison Rich (SBN 24083730) (*Pro Hac Vice*)
harrison.rich@bakerbotts.com
Clarke Stavinoha (SBN 24093198) (*Pro Hac Vice*)
clarke.stavinoha@bakerbotts.com
Morgan Grissum (SBN 24084387) (*Pro Hac Vice*)
morgan.grissum@bakerbotts.com
Bryan Parrish (SBN 24089039) (*Pro Hac Vice*)
bryan.parrish@bakerbotts.com
Casey L. Shomaker (SBN 24110359) (*Pro Hac Vice*)
casey.shomaker@bakerbotts.com
2001 Ross Avenue, Suite 900
Dallas, TX 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

Wayne O. Stacy (SBN 341579)
wayne.stacy@bakerbotts.com
101 California Street, Suite 3600
San Francisco, CA 94111
Tel: (415) 291-6206
Fax: (415) 291-6306

Jennifer C. Tempesta (SBN 4397089) (*Pro Hac Vice*)
jennifer.tempesta@bakerbotts.com
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 408-2500
Fax: (212) 408-2501

Attorneys for Plaintiff
SYMANTEC CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO**

| | |
|---|---|
| SYMANTEC CORPORATION, | Case No. 3:17-CV-04426-JST |
| Plaintiff, | **SYMANTEC'S OBJECTIONS TO ZSCALER'S NOTICE OF DEPOSITION TO SYMANTEC** |
| vs. | |
| ZSCALER, INC, | Judge: Hon. Jon S. Tigar |
| Defendant. | Trial Date:  June 15, 2020 |

BAKER BOTTS L.L.P.

BAKER BOTTS L.L.P.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### SYMANTEC'S OBJECTIONS TO ZSCALER'S NOTICE OF DEPOSITION TO SYMANTEC

PLEASE TAKE NOTICE THAT, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and the rules and orders of this Court, Plaintiff Symantec Corporation ("Symantec") provides the following objections to Defendant's Notice of Deposition.  Without regard to objections made in the General Objections and the objections to particular deposition topics, Symantec reserves the right to make any appropriate objections at any deposition, hearing, or trial in this matter.

### GENERAL OBJECTIONS

The following General Objections apply to each and every topic propounded by Zscaler and are incorporated by reference into each of the following specific responses as if set forth in full therein.

1.      Symantec objects to each definition and deposition topic to the extent that it is vague, ambiguous, overbroad, unduly burdensome, incomprehensible, compound, duplicative, and cumulative, fails to identify the documents sought with reasonable particularity, calls for speculation, or seeks information and/or documents that are not relevant.

2.      Symantec objects to each definition and deposition topic to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, Federal Rule of Civil Procedure 26(b)(3)-(4), or any other applicable privileges, protections, or immunities.  Such information or documents will not be provided, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege, work product, or other protection that may apply with respect to such information or documents.

3.      Symantec objects to each definition and deposition topic to the extent it seeks information or documents that are subject to an obligation of confidentiality owed to a third party, or the disclosure of which is restricted by any law, order, or regulation, or is otherwise protected by third parties' rights to privacy.  Symantec is not authorized and cannot waive these confidentiality or privacy rights.  Such information will not be provided unless the terms of the obligation have been

1

satisfied to permit its production.

4. Symantec objects to each definition and deposition topic to the extent it purports to impose any obligation to obtain or provide information or documents that are not within Symantec's possession, custody, or control. Symantec further objects to the extent any deposition topic seeks information not discernible by Symantec after a reasonably diligent investigation. An objection on this ground does not constitute a representation or admission that such information or documents do, in fact, exist.

5. Symantec objects to each definition and deposition topic to the extent that it seeks information or documents that are already in Zscaler's possession, custody, or control.

6. Symantec objects to each definition and deposition topic to the extent it purports to place an obligation on Symantec to obtain information or documents that are as readily available to Zscaler as they are to Symantec, or for which the burden of obtaining the information or documents is substantially the same for Zscaler as it is for Symantec.

7. Symantec objects to each definition and deposition topic to the extent it seeks information or documents available through public sources or already known to Zscaler.

8. Symantec objects to each definition and deposition topic to the extent that it calls for a legal opinion or conclusion.

9. Symantec objects to each definition and deposition topic to the extent it calls disclosure or discovery of information or documents to the extent such disclosure or discovery is premature under the Court's discovery orders.

10. Symantec objects to each definition and deposition topic to the extent it seeks to impose obligations or burdens on Symantec beyond those permitted by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, the Court's discovery and scheduling order(s), or any other applicable rules. Symantec will respond to each deposition topic only to the extent required by these rules.

11.     Symantec objects to each definition and deposition topic to the extent that it improperly seeks to shift the burden of proof on any issue from Zscaler to Symantec.

12.     Symantec objects to each definition and deposition topic to the extent that it is not reasonably limited in time or scope, including without limitation, geographic scope.

13.     Symantec objects to each definition and deposition topic to the extent it seeks confidential, proprietary, and/or trade secret information pertaining to Symantec, its business, or third parties.  Such information will be provided subject to the Protective Order entered in this case.

14.     Symantec objects to each definition and deposition topic on the ground that discovery is continuing in this action and Symantec has not completed its factual investigation. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Symantec reserves the right to amend or supplement its responses as and when additional information is discovered.  Additionally, because Symantec's responses are based on information that it has identified as the date of deposition, they do not preclude Symantec from relying on facts or documents discovered or generated pursuant to subsequent investigation and discovery.

15.     The information provided by Symantec is in no way to be construed as an admission by Symantec that any information is relevant or admissible in any proceeding related to this action.

16.     Any objection by Symantec does not constitute a representation or admission that responsive information does in fact exist or is known to Symantec.

17.     Symantec objects to each definition and deposition topic to the extent it incorporates argumentative and conclusory definitions.  By providing a response, Symantec does not admit or acquiesce to the accuracy of any such definition, and Symantec reserves its right to object to any such definition, and to advance a factual or legal position that controverts Zscaler's argumentative or conclusory definitions.

18.     Symantec objects to Zscaler's "Definitions" to the extent that such definitions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific

BAKER BOTTS L.L.P.

deposition topic where such enlargement, expansion, or alteration renders said deposition topic vague, ambiguous, overbroad, unduly burdensome, harassing, incomprehensible, and seeking information that is not relevant.

19.     Symantec objects to each definition and deposition topic as vague, ambiguous, and overbroad to the extent that it purports to define words or phrases in a manner that differs from their ordinary or commonly understood meaning, or to include more than their commonly understood definitions.  To the extent practical, Symantec shall apply a reasonable interpretation to the deposition topics and definitions that is consistent with the ordinary meaning of their terms.

20.     Symantec objects to the definition and use of the term "Symantec," and any deposition topics incorporating this term, to the extent that Zscaler's definition is overbroad, unduly burdensome, vague, and ambiguous.  Symantec will provide responses exclusively on its own behalf and does not purport to speak for other entities.

21.     Symantec objects to the definition and use of the term "Documents," and any deposition topics incorporating this term, to the extent that Zscaler's definition is overbroad, unduly burdensome, vague, and ambiguous.  Symantec specifically objects to the phrase "whether or not claimed to be privileged or confidential by any person."  Symantec understands "Documents" to include all documents as broadly defined in Rule 34 of the Federal Rules of Civil Procedure, whether printed, recorded, microfilmed, stored electronically, or optically, reproduced by any process, written or produced by hand, or recorded in any other way.

22.     Symantec objects to the definition of "Other Products" as overbroad, unduly burdensome, vague, and ambiguous.

23.     Symantec objects to the definition of "Communications" as overbroad, unduly burdensome, vague, and ambiguous.

24.     Symantec objects to the phrase "[t]he use of a verb in any tense shall be construed as the use of the verb in all other tenses" as overbroad, unduly burdensome, vague, and ambiguous. Symantec will construe each use of a verb in the tense it was used.

25.     Symantec's responses to each deposition topic are without waiver or limitation of its right to object to the use of any information or documents referenced or contained therein, on grounds of competency, relevancy, materiality, privilege, admissibility as evidence for any purpose, or any other ground, in any subsequent proceeding or hearing in, or the trial of, this or any other action.  Each response will be without prejudice to, or waiver of, any objection Symantec may make to any future use of such information.  Symantec likewise reserves the right to object to other discovery procedures involving or relating to the subject of any information or documents produced pursuant to the deposition.

26.     Each objection to each deposition topic incorporates by reference, is made subject to, and does not waive, the General Objections regardless of whether some, none, or all of the objections are expressly stated.  The responses and objections are based on information presently available, and Symantec reserves the right to amend, supplement, correct, or clarify any information obtained pursuant to the deposition as new or additional information is obtained, and to impose additional objections or move for an appropriate protective order if deemed necessary.

27.     A statement pursuant to the deposition that Symantec's document production may contain responsive information does not mean that any documents containing such information do, in fact, exist.

## SPECIFIC OBJECTIONS

**TOPIC NO. 1:**

The conception and reduction to practice of the alleged inventions claimed in the Patents-in-Suit, including the respective roles and contributions of each named inventor and any other person in the conception and reduction to practice of the alleged inventions.

**OBJECTIONS TO TOPIC NO. 1:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic as overbroad and unduly burdensome to the extent that it seeks information that is not in Symantec's possession, custody, or control.  Symantec further objects to this deposition topic to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable exemption from discovery.  Symantec further objects to this deposition topic to the extent it calls for a legal conclusion.  Symantec further objects to this deposition topic to the extent it calls for premature discovery of its expert's opinions concerning validity.  Any facts discovered or opinions developed by Symantec's experts will be disclosed in accordance with the Court's discovery orders.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 2:**

The documents identified and produced by Symantec pursuant to Patent Local Rule 3-2(b).

**OBJECTIONS TO TOPIC NO. 2:**

Symantec incorporates each of its General Objections by reference herein.  Subject to and without waiving the General Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 3:**

The preparation and prosecution of the applications for the Patents-in-Suit.

**OBJECTIONS TO TOPICS NO. 3:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic as overbroad and unduly burdensome to the extent that it seeks information that is not in Symantec's possession, custody, or control.  Symantec further objects to this deposition topic to the extent that is it is vague, overbroad, unduly burdensome, and seeking information not

BAKER BOTTS L.L.P.

BAKER BOTTS L.L.P.

reasonably calculated to lead to the discovery of admissible evidence.  For example, Symantec objects to the phrase "preparation and prosecution of the applications" as vague and overbroad. Symantec further objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable exemption from discovery. Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 4:**

Your investigation, evaluation or analysis of the validity of any of the Patents-in-Suit.

**OBJECTIONS TO TOPIC NO. 4:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent is seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable exemption from discovery.  Symantec further objects to this deposition topic to the extent it seeks to shift the burden of proof to Symantec.  Symantec further objects to this deposition topic to the extent it calls for premature discovery of its expert's opinions concerning validity.  Any facts discovered or opinions developed by Symantec's experts will be disclosed in accordance with the Court's discovery orders.  Accordingly, Symantec will not designate a witness to testify about this topic.

**TOPIC NO. 5:**

The design, function, structure and operation, and dates of first offer for sale and first public use, of the products you allege practice the Patents-in-Suit.

**OBJECTIONS TO TOPIC NO. 5:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic as overbroad and unduly burdensome to the extent that it seeks information that is not in Symantec's possession, custody, or control.  Symantec further objects to this deposition

7

BAKER BOTTS L.L.P.

topic to the extent is seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable exemption from discovery.  Symantec further objects to this deposition topic to the extent it calls for a legal conclusion.  Symantec further objects to this deposition topic to the extent it calls for premature discovery of its expert's opinions concerning validity.  Any facts discovered or opinions developed by Symantec's experts will be disclosed in accordance with the Court's discovery orders.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 6:**

The documents identified and produced by Symantec pursuant to Patent Local Rule 3-2(a).

**OBJECTIONS TO TOPIC NO. 6:**

Symantec incorporates each of its General Objections by reference herein.  Subject to and without waiving the General Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 7:**

The documents identified and produced by Symantec pursuant to Patent Local Rule 3-2(e).

**OBJECTIONS TO TOPIC NO. 7:**

Symantec incorporates each of its General Objections by reference herein.  Subject to and without waiving the General Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 8:**

The marking with the patent number of one or more of the Patents-in-Suit of any products you allege practice the Patents-in-Suit, including the documents identified and produced by Symantec pursuant to Patent Local Rule 3-2(i).

BAKER BOTTS L.L.P.

**OBJECTIONS TO TOPIC NO. 8:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic as overbroad and unduly burdensome to the extent that it seeks information that is not in Symantec's possession, custody, or control.  Symantec further objects to this deposition topic to the extent is seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable exemption from discovery.  Symantec further objects to this deposition topic to the extent it calls for a legal conclusion.  Symantec further objects to this deposition topic to the extent it calls for premature discovery of its expert's opinions.  Any facts discovered or opinions developed by Symantec's experts will be disclosed in accordance with the Court's discovery orders.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 9:**

All assignments of any rights in any of the Patents-in-Suit.

**OBJECTIONS TO TOPIC NO. 9:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic as overbroad and unduly burdensome to the extent that it seeks information that is not in Symantec's possession, custody, or control.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 10:**

The documents identified and produced by Symantec pursuant to Patent Local Rule 3-2(d) and 3-2(f).

BAKER BOTTS L.L.P.

**OBJECTIONS TO TOPIC NO. 10:**

Symantec incorporates each of its General Objections by reference herein.  Subject to and without waiving the General Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 11:**

All analyses or assessments by any person of the value of any of the Patents-in-Suit and/or any invention claimed therein.

**OBJECTIONS TO TOPIC NO. 11:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic as overbroad and unduly burdensome to the extent that it seeks information that is not in Symantec's possession, custody, or control.  Symantec further objects to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  Symantec further objects to this deposition topic to the extent is seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable exemption from discovery.  Symantec further objects to this deposition topic to the extent it calls for premature discovery of its expert's opinions.  Any facts discovered or opinions developed by Symantec's experts will be disclosed in accordance with the Court's discovery orders.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 12:**

The date of first sale and the date of first public use of Symantec's "The Digital Immune System," and the design, functionality, and operation of "The Digital Immune System" as of those dates, and between those dates and June 30, 2003.

BAKER BOTTS L.L.P.

1

**OBJECTIONS TO TOPIC NO. 12:**

2

Symantec incorporates each of its General Objections by reference herein.  Symantec objects

3

to this deposition topic as overbroad and unduly burdensome to the extent that it seeks information

4

that is not in Symantec's possession, custody, or control.  Symantec further objects to this deposition

5

topic to the extent it calls for a legal conclusion.  Symantec further objects to this deposition topic to

6

the extent it calls for premature discovery of its expert's opinions.  Any facts discovered or opinions

7

developed by Symantec's experts will be disclosed in accordance with the Court's discovery orders.

8

Subject to and without waiving the General and Specific Objections, Symantec will designate a

9

witness or witnesses to testify on its behalf about responsive, non-privileged information known or

10

reasonably available to Symantec.

11

**TOPIC NO. 13:**

12

13

The design, function, structure, and operation of the Lost Profits Products.

14

**OBJECTIONS TO TOPIC NO. 13:**

15

Symantec incorporates each of its General Objections by reference herein.  Symantec objects

16

to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking

17

information not reasonably calculated to lead to the discovery of admissible evidence.  Symantec

18

further objects to this deposition topic to the extent it calls for premature discovery of its expert's

19

opinions.  Any facts discovered or opinions developed by Symantec's experts will be disclosed in

20

accordance with the Court's discovery orders.  Subject to and without waiving the General and

21

Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about

22

responsive, non-privileged information known or reasonably available to Symantec.

23

**TOPIC NO. 14:**

24

25

Symantec's design decisions regarding its Lost Profit Products, including why such products

26

do not include one or more of the elements recited in the asserted claims of the Patents-in-suit, and

27

the costs and benefits of Symantec's design decisions not to include those elements.

28

1

2 **OBJECTIONS TO TOPIC NO. 14:**

3        Symantec incorporates each of its General Objections by reference herein.  Symantec objects

4 to this deposition topic to the extent is seeks information protected by the attorney-client privilege,

5 work product doctrine, or any other applicable exemption from discovery.  Symantec further objects

6 to this deposition topic to the extent it calls for a legal conclusion.  Symantec further objects to this

7 deposition topic to the extent it calls for premature discovery of its expert's opinions.  Any facts

8 discovered or opinions developed by Symantec's experts will be disclosed in accordance with the

9 Court's discovery orders.  Subject to and without waiving the General and Specific Objections,

10 Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-

11 privileged information known or reasonably available to Symantec.

12 **TOPIC NO. 15:**

13

14        Symantec's financial statements, including its statements of operations, profit and loss

15 statements, income statements, balance sheets, statements of changes in retained earnings, and

16 internal management reports and notes, from 2010 to the present.

17 **OBJECTIONS TO TOPIC NO. 15:**

18        Symantec incorporates each of its General Objections by reference herein.  Symantec objects

19 to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking

20 information not reasonably calculated to lead to the discovery of admissible evidence.  For example,

21 Symantec objects to the phrase "internal management reports and notes" as vague and overbroad.

22 Subject to and without waiving the General and Specific Objections, Symantec will designate a

23 witness or witnesses to testify on its behalf about responsive, non-privileged information known or

24 reasonably available to Symantec.

25

26

27

28

BAKER BOTTS L.L.P.

BAKER BOTTS L.L.P.

**TOPIC NO. 16:**

Symantec's sales, revenues, costs and profits or losses relating to Symantec's sale, lease or other distribution of the Lost Profit Products from 2010 to the present, and the methods utilized by Symantec in accounting for its revenues, costs and profits.

**OBJECTIONS TO TOPIC NO. 16:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 17:**

Symantec's Salesforce.com or other customer relationship management records relating to the Lost Profits Products.

**OBJECTIONS TO TOPIC NO. 17:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  For example, Symantec objects to the phrase "customer relationship management records" as vague and overbroad.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

BAKER BOTTS L.L.P.

**TOPIC NO. 18:**

Symantec's documentation of its sales and sales opportunities for the Lost Profits Products, including without limitation Symantec's documentation of the entity or entities against which it is competing for a sales opportunity and Symantec's documentation of its understanding of the reasons for any sales win or loss.

**OBJECTIONS TO TOPIC NO. 18:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  For example, Symantec objects to the phrase "entity or entities" as vague and overbroad.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 19:**

Symantec's sales and marketing strategies and efforts for the Lost Profits Products, including Symantec's strategies and initiatives to persuade customers to purchase Symantec products rather than Zscaler products or Other Products.

**OBJECTIONS TO TOPIC NO. 19:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  For example, Symantec objects to the phrase "Other Products" as vague and overbroad.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

BAKER BOTTS L.L.P.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TOPIC NO. 20:**

Sales of Lost Profits Products in competition with Zscaler, including sales wins and losses by Symantec against Zscaler and Symantec's understanding of the reasons therefor.

**OBJECTIONS TO TOPIC NO. 20:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic as overbroad and unduly burdensome to the extent that it seeks information that is not in Symantec's possession, custody, or control.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 21:**

Sales of Lost Profit Products in competition with Other Products, including sales wins and losses by Symantec against Other Products and Symantec's understanding of the reasons therefor.

**OBJECTIONS TO TOPIC NO. 21:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic as overbroad and unduly burdensome to the extent that it seeks information that is not in Symantec's possession, custody, or control.  Symantec further objects to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  For example, Symantec objects to the phrase "Other Products" as vague and overbroad.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 22:**

Symantec's understanding of its competitors and the competitive landscape for each Lost Profit Product.

BAKER BOTTS L.L.P.

**OBJECTIONS TO TOPIC NO. 22:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  For example, Symantec objects to the phrases "competitors" and "competitive landscape" as vague and overbroad.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 23:**

Symantec's understanding of the market share of each Lost Profit Product between 2015 and the present.

**OBJECTIONS TO TOPIC NO. 23:**

Symantec incorporates each of its General Objections by reference herein.  Subject to and without waiving the General Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 24:**

Symantec's forecasts and targets for sales, profit, or market share of the Lost Profits Products.

**OBJECTIONS TO TOPIC NO. 24:**

Symantec incorporates each of its General Objections by reference herein.  Subject to and without waiving the General Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

Symantec's Objections to Zscaler's Notice of Deposition to Symantec
Case: 3:17-cv-04426-JST

**TOPIC NO. 25:**

Symantec's efforts to develop entirely cloud-based network security products, including Symantec's Web Security Service, including the scope and timing of such efforts, the business and technical reasons for such efforts, and Symantec's assessments of the progress of such efforts.

**OBJECTIONS TO TOPIC NO. 25:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  For example, Symantec objects to the phrase "entirely cloud-based network security products" as vague and overbroad.  Symantec further objects to this deposition topic to the extent it calls for premature discovery of its expert's opinions.  Any facts discovered or opinions developed by Symantec's experts will be disclosed in accordance with the Court's discovery orders.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 26:**

Symantec's knowledge and understanding of the features or other attributes of the Lost Profit Products that drive customer demand for the Lost Profits Products.

**OBJECTIONS TO TOPIC NO. 26:**

Symantec incorporates each of its General Objections by reference herein.  Subject to and without waiving the General Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 27:**

The acquisition of Blue Coat Systems, Inc. by Symantec Corporation, including but not limited to (i) the reasons for the acquisition, (ii) the terms and conditions of the acquisition, (iii)

Symantec's valuation of the assets, including patents and other intellectual property, acquired through the acquisition.

**OBJECTIONS TO TOPIC NO. 27:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  Symantec further objects to this deposition topic to the extent it calls for premature discovery of its expert's opinions.  Any facts discovered or opinions developed by Symantec's experts will be disclosed in accordance with the Court's discovery orders.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 28:**

Symantec's communications with its customers, distributors, resellers or potential customers, distributors, or resellers concerning Zscaler, Zscaler's products, or this litigation.

**OBJECTIONS TO TOPIC NO. 28:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 29:**

The origins, purpose, operations, and staffing of Symantec's "Beat Zscaler War Room."

BAKER BOTTS L.L.P.

**OBJECTIONS TO TOPIC NO. 29:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent is seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable exemption from discovery.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 30:**

Symantec's plans, programs, or other initiatives to reach feature parity with Zscaler and/or to beat Zscaler, including as referenced in the April 2016 document entitled "Zscaler Competitive Analysis" (SYM0024005).

**OBJECTIONS TO TOPIC NO. 30:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  Symantec further objects to Zscaler's mischaracterization of SYM0024005, which recites neither "parity" nor "feature parity."  Symantec further objects to this deposition topic to the extent is seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable exemption from discovery.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 31:**

Symantec's ability and capacity to manufacture the Lost Profits Products during the time period for which Symantec seeks lost profits in this action.

BAKER BOTTS L.L.P.

**OBJECTIONS TO TOPIC NO. 31:**

Symantec incorporates each of its General Objections by reference herein.  Subject to and without waiving the General Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 32:**

Symantec's ability and capacity to provide a cloud-based security service with the features and functionality offered by the Zscaler Products during the time period for which Symantec seeks lost profits in this action.

**OBJECTIONS TO TOPIC NO. 32:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic as overbroad and unduly burdensome to the extent that it seeks information that is not in Symantec's possession, custody, or control.  Symantec further objects to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  For example, Symantec objects to the phrases "cloud-based security service" and "features and functionalities offered by the Zscaler Products" as vague and overbroad.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 33:**

Symantec's knowledge of Zscaler and Zscaler's products, including when and how Symantec first learned of Zscaler.

**OBJECTIONS TO TOPIC NO. 33:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  For example,

20

Symantec objects to the phrases "Zscaler" and "Zscaler's products" as vague and overbroad.

Symantec further objects to this deposition topic to the extent is seeks information protected by the

attorney-client privilege, work product doctrine, or any other applicable exemption from discovery.

Subject to and without waiving the General and Specific Objections, Symantec will designate a

witness or witnesses to testify on its behalf about responsive, non-privileged information known or

reasonably available to Symantec.

**TOPIC NO. 34:**

      Symantec's knowledge or analysis of the products or product development efforts of Zscaler,

including, but not limited to, any competitive testing, analysis or evaluation of Zscaler's products

and any efforts by Symantec to gather competitive intelligence concerning Zscaler.

**OBJECTIONS TO TOPIC NO. 34:**

      Symantec incorporates each of its General Objections by reference herein.  Symantec objects

to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking

information not reasonably calculated to lead to the discovery of admissible evidence.  For example,

Symantec objects to the phrases "products or product development efforts" and "competitive

intelligence" as vague and overbroad.  Subject to and without waiving the General and Specific

Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive,

non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 35:**

      Symantec's evaluation or assessment of acquiring, investing in or otherwise entering into

any business partnership or relationship with Zscaler.

**OBJECTIONS TO TOPIC NO. 35:**

      Symantec incorporates each of its General Objections by reference herein.  Symantec objects

to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking

information not reasonably calculated to lead to the discovery of admissible evidence.  For example,

21

BAKER BOTTS L.L.P.

Symantec objects to the phrases "evaluation or assessment" and "business partnership or relationship" as vague and overbroad.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 36:**

Symantec's Technology Enabled Program, and the terms, conditions and circumstances of Zscaler's participation in that program.

**OBJECTIONS TO TOPIC NO. 36:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 37:**

Symantec's patent licensing policies and practices.

**OBJECTIONS TO TOPIC NO. 37:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent is seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable exemption from discovery.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 38:**

Symantec's patent licenses for secure web gateway, firewall, data loss prevention ("DLP"), malware detection, and anti-virus-related technologies.

**OBJECTIONS TO TOPIC NO. 38:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent is seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable exemption from discovery.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 39:**

Symantec's licenses and proposed licenses to any of the Patents-in-Suit (including any portfolio or other multi-patent licenses including or encompassing any of the Patents-in-Suit), including (i) the terms and conditions of any existing licenses to any of the Patents-in-Suit, and (ii) any and all attempts to license, individually or as part of a group or collection of patents, any of the Patents-in-Suit.

**OBJECTIONS TO TOPIC NO. 39:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent is seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable exemption from discovery.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

BAKER BOTTS L.L.P.

BAKER BOTTS L.L.P.

**TOPIC NO. 40:**

The documents identified and produced by Symantec pursuant to Patent Local Rule 3-2(g) and 3-2(h).

**OBJECTIONS TO TOPIC NO. 40:**

Symantec incorporates each of its General Objections by reference herein.  Subject to and without waiving the General Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 41:**

Symantec's pricing of its Lost Profits Products.

**OBJECTIONS TO TOPIC NO. 41:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent is seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable exemption from discovery.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 42:**

Symantec's knowledge, assessment, or development of technological alternatives to the inventions claimed in the Patents-in-Suit.

**OBJECTIONS TO TOPIC NO. 42:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  For example, Symantec objects to the phrase "technological alternatives" as vague and overbroad.  Symantec further objects to this deposition topic to the extent it calls for a legal conclusion.  Subject to and

BAKER BOTTS L.L.P.

without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 43:**

Sergio Nesti, Nick Kael, and Pooja Deshmukh's employment at Symantec, including their roles and responsibilities with respect to the inventions claimed in the Patents-in-Suit and the products that you allege practice the Patents-in-Suit.

**OBJECTIONS TO TOPIC NO. 43:**

Symantec incorporates each of its General Objections by reference herein.  Subject to and without waiving the General Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 44:**

Symantec's policies and practices concerning the designation of documents or information as confidential and the storage and dissemination of such documents or information.

**OBJECTIONS TO TOPIC NO. 44:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 45:**

Symantec's policies and procedures relating to document retention and destruction, including Symantec's policies and practices relating to litigation holds.

BAKER BOTTS L.L.P.

**OBJECTIONS TO TOPIC NO. 45:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent it is vague, overbroad, unduly burdensome, and seeking information not reasonably calculated to lead to the discovery of admissible evidence.  Symantec further objects to this deposition topic to the extent is seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable exemption from discovery.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

**TOPIC NO. 46:**

Symantec's preservation of and search for documents responsive to Zscaler's document requests in this action.

**OBJECTIONS TO TOPIC NO. 46:**

Symantec incorporates each of its General Objections by reference herein.  Symantec objects to this deposition topic to the extent is seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable exemption from discovery.  Subject to and without waiving the General and Specific Objections, Symantec will designate a witness or witnesses to testify on its behalf about responsive, non-privileged information known or reasonably available to Symantec.

BAKER BOTTS L.L.P.

1   Dated:  April 4, 2019                    Respectfully submitted,

2                                            BAKER BOTTS L.L.P.

3                                             */s/ James C. Williams*
                                             Kurt M. Pankratz (SBN 24013291) (*Pro Hac Vice*)
4                                            kurt.pankratz@bakerbotts.com
                                             Chad C. Walters (SBN 24034730) (*Pro Hac Vice*)
5                                            chad.walters@bakerbotts.com
                                             James Williams (SBN 24075284) (*Pro Hac Vice*)
6                                            james.williams@bakerbotts.com
                                             Morgan Grissum (SBN 24084387) (*Pro Hac Vice*)
7                                            morgan.grissum@bakerbotts.com
                                             Harrison Rich (SBN 24083730) (*Pro Hac Vice*)
8                                            harrison.rich@bakerbotts.com
                                             Morgan Grissum (SBN 24084387) (*Pro Hac Vice*)
9                                            morgan.grissum@bakerbotts.com
                                             Bryan Parrish (SBN 24089039) (*Pro Hac Vice*)
10                                           bryan.parrish@bakerbotts.com
                                             Casey L. Shomaker (SBN 24110359) (*Pro Hac Vice*)
11                                           casey.shomaker@bakerbotts.com
12

13                                           2001 Ross Avenue, Suite 900
14                                           Dallas, TX 75201
                                             Tel: (214) 953-6500
15                                           Fax: (214) 953-6503

16                                           Wayne O. Stacy (SBN 341579)
                                             wayne.stacy@bakerbotts.com
17                                           101 California Street, Suite 3600
                                             San Francisco, CA 94111
18                                           Tel: (415) 291-6206
                                             Fax: (415) 291-6306
19
                                             Jennifer C. Tempesta (SBN 4397089) (*Pro Hac Vice*)
20                                           jennifer.tempesta@bakerbotts.com
                                             30 Rockefeller Plaza
21                                           New York, NY 10112
                                             Tel: (212) 408-2500
22                                           Fax: (212) 408-2501

23                                           Attorneys for Plaintiff
                                             SYMANTEC CORPORATION
24

25

26

27

28

Symantec's Objections to Zscaler's Notice of Deposition to Symantec
Case: 3:17-cv-04426-JST

**PROOF OF SERVICE**

I, Celeste Jones, am employed at Baker Botts L.L.P.  I am over the age of eighteen years old and not a party to the within action.  My business address is 2001 Ross Avenue, Suite 900, Dallas, TX 75201.

On  April 4, 2019, I served a copy of the below-listed document(s) described as:

**SYMANTEC'S OBJECTIONS TO ZSCALER'S NOTICE OF DEPOSITION TO SYMANTEC**

☑      **BY E-MAIL:**  I caused the document(s) to be served electronically on the persons at the electronic notification addresses listed below.

Robert A Van Nest                                    ZSCALER-KVN@keker.com
Leo L. Lam
Matthew M. Werdegar
Justina Sessions
Bailey Heaps
David J. Rosen
Neha Mehta
Anna Porto

KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 4, 2019, at Dallas, TX 75201.

_/s/ Celeste Jones_____
Celeste Jones

BAKER BOTTS L.L.P.