UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION, | Case No. 17-cv-04426-JST (TSH) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO COMPEL** |
| ZSCALER, INC., | Re: Dkt. Nos. 262, 274 |
| Defendant. | |

Defendant Zscaler, Inc., is a cloud-based information security company. Founded in 2008, four years later it raised $5 million in venture capital from Lightspeed Venture Partners. In August 2015, it announced a $100 million pre-IPO fundraising led by TPG Capital Growth. It went public on March 16, 2018. Morgan Stanley and Goldman Sachs were the lead underwriters. Today, the company's market capitalization is around $9 billion.

In late 2016, Plaintiff Symantec Corporation filed this lawsuit against Zscaler. Following transfer of the case from the District of Delaware and a subsequent amendment of the complaint, Symantec alleges that Zscaler's cloud security platform – the company's central product, accounting for nearly all of its revenue – infringes seven of Symantec's patents. First Amended Complaint ("FAC"), ECF No. 139.

The parties are now before the Court on a discovery dispute concerning two of Symantec's document requests ("RFPs") that relate to its alleged damages. On May 8, 2019, the parties filed a joint discovery letter concerning Symantec's RFPs 68 and 77. ECF No. 262. Following a prior telephonic hearing, the Court ordered the parties to meet and confer further and to submit another joint discovery letter if they were unable to resolve their dispute. ECF No. 267. They have now done so. ECF No. 274. The one issue they were able to reach agreement on is that as a result of

the parties' ESI stipulation, Zscaler is not required to search email to respond to these RFPs. Instead, Zscaler must conduct a reasonably diligent search of custodial and non-custodial sources other than email. ECF No. 274 at 1.

During their meet and confer, Symantec narrowed RFP 68 so that it now seeks "documents shared with third-party investors TPG and Lightspeed Venture Partners discussing the market for the accused products and any valuations of the accused products." ECF No. 262 at 1. Symantec also narrowed RFP 77 so that it now seeks "documents exchanged with Morgan Stanley related to Zscaler's initial public offering that are sufficient to show any valuations of Zscaler or the accused products from Mar. 16, 2017 to Mar. 16, 2018," the date of Zscaler's IPO. *Id.* The Court held a telephonic hearing this morning and now issues this order.

Symantec's RFPs seek relevant documents. If Symantec can prove that Zscaler's accused products infringe – and any discovery into damages assumes for the sake of argument that the plaintiff will be able to prove liability – then the market for and valuations of the accused products are relevant to the demand for the patented product, the amount of profit the patentee would have made, the profitability and commercial success of products made under the patents, as well as other factors under *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (Fed. Cir. 1978) and *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), *mod. and aff'd*, 446 F.2d 295 (2d Cir. 1971). True, RFP 77 goes a little past that because it also asks for valuations of Zscaler *as a whole*, not just valuations of particular products. But Zscaler's own website, as well as other public descriptions of the company such as Wikipedia, make it sound like the cloud security platform at issue is pretty much the whole company. Zscaler's March 6, 2019 10-Q report filed with the SEC seems to say that too: "We generate revenue primarily from sales of subscriptions to access our cloud platform, together with related support services. These subscription and related support services accounted for approximately 97% and 99% of our revenue for the three months ended January 31, 2019 and 2018, respectively, and approximately 98% for the six months ended January 31, 2019 and 2018." And Zscaler confirms that "Symantec has defined 'accused products' in its discovery requests to sweep in any and every product or service ever offered by Zscaler." ECF No. 262 at 4. Zscaler vehemently

2

disputes that its potential infringement liability could be anywhere nearly this sweeping and accuses Symantec of overreaching in its allegations, but that is an issue for summary judgment or trial.

The Court understands that the valuation of an accused product (and even more so the valuation of Zscaler as a company) includes the value of the non-infringing aspects as well – legally speaking, it's not a straight shot from product valuation to patent infringement damages. But the standard here is *relevance*, and these valuations meet that standard because they are an important input to the computation of damages. *See, e.g., Vasudevan Software, Inc. v. MicroStrategy Inc.*, 2013 WL 597655, at *1 (N.D. Cal. Feb. 15, 2013) ("information about the value of the accused products and their other features is obviously relevant" given the requirement that the plaintiff "show the relative value of the allegedly infringing patented features"); *Phase Four Indus., Inc. v. Marathon Coach, Inc.*, 2006 WL 1465313, at *6 (N.D. Cal. May 24, 2006) (sales projections of accused products relevant to patent damages).

These RFPs are also proportional. Documents that Zscaler provided to Lightspeed, TPG and Morgan Stanley are likely to contain the most accurate forward-looking valuations that Zscaler had at the time given what those three companies were doing for Zscaler. These forward-looking valuations could be particularly useful for determining the value of a reasonable royalty that would have been agreed to in a hypothetical negotiation.

Zscaler's arguments in opposition are not persuasive. First, Zscaler argues that none of the *Georgia-Pacific* or *Panduit* factors "are concerned with the overall company enterprise or corporate market value of the accused infringer or the entire market value of the accused infringer's business line (Zscaler's product platform)." ECF No. 274 at 3. However, that argument ignores the fact that the narrowed RFPs 68 and 77 mostly ask about the accused products, and even that aspect of RFP 77 that asks for valuations of Zscaler as a whole is relevant given the large role that the cloud security platform plays in Zscaler's service offerings. Zscaler itself acknowledges that Symantec defines the "accused products" to include every product or service Zscaler has ever offered.

Next, Zscaler states that it has already produced detailed sales, marketing and financial

3

information, and it argues that Symantec has not explained why that information is not sufficient to prepare its damages case. However, the production of other documents that may also be relevant does not cause the documents Symantec seeks in the narrowed RFPs 68 and 77 to become less relevant. Further, the documents responsive to the narrowed RFPs 68 and 77 would be forward-looking valuations, which could be relevant to the value of a hypothetical license in a way that actual sales information would not be. Zscaler asserts that Symantec contends that any hypothetical negotiation would have concluded by 2014, and therefore documents from after that date should be irrelevant. However, it cites nothing as evidence that Symantec made that contention, and even if it did, offers no argument why that contention should estop Symantec from seeking this discovery.

As to burden, Zscaler's argument in the letter brief was conclusory. It seems like the task at hand is to identify the individuals who remain at the company who communicated with Lightspeed, TPG and Morgan Stanley, search their documents (other than email) for any responsive to RFPs 68 and 77, ask them if they know of any non-custodial places where such documents were stored, and then search there too. At the hearing this morning, Zscaler estimated that the total number of such custodians who remain at the company is more than three and less than seven. Zscaler also stated that there are at least a couple of non-custodial sources it would have to search for responsive documents, but that for the most part the documents responsive to these RFPs were held by custodians. The Court appreciates this additional information but does not believe that a search of this scope is unduly burdensome.

Accordingly, the Court **GRANTS** Symantec's motion to compel Zscaler to produce documents responsive to RFPs 68 and 77 as narrowed.

**IT IS SO ORDERED.**

Dated: May 29, 2019

THOMAS S. HIXSON
United States Magistrate Judge