UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZSCALER, INC.,<br><br>　　　　Defendant. | Case No. 17-cv-04426-JST   (TSH)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO SERVE SUBPOENA**<br><br>Re: Dkt. No. 282 |

## I.   INTRODUCTION

Defendant Zscaler, Inc. requests permission to serve a Rule 45 subpoena via certified mail on third-party Greg Clark, Plaintiff Symantec Corporation's former CEO. ECF No. 282. Symantec opposes the motion. ECF No. 284. For the reasons set forth below, the Court **DENIES** Zscaler's motion **WITHOUT PREJUDICE**.

## II.   BACKGROUND

Symantec alleges that Zscaler's cloud-based security products infringe seven of its patents. First Am. Compl., ECF No. 139. Zscaler seeks permission to subpoena Clark, who was the CEO of Blue Coat until it was acquired by Symantec in 2016, at which time he became CEO of Symantec. Mot. at 2. Zscaler alleges Clark has relevant knowledge because, while Symantec alleges lost profits for both Blue Coat and Symantec products based on Zscaler's infringement, Zscaler maintains Clark has made statements regarding network security and cloud-based technology that directly rebut these claims. *Id.* (citing Porto Decl., Ex. B (tr. of a Feb. 14, 2018 presentation by Clark at the Goldman Sachs Technology & Internet Conference), ECF No. 282-1).

On April 9, 2019, Zscaler's counsel emailed Symantec requesting a deposition date for

1  Clark, while he was still acting CEO of Symantec.  Mot. at 3; Porto Decl. ¶ 2.  On May 15, after
2  Zscaler learned that Clark had departed from Symantec, it asked counsel for Symantec whether
3  they continued to represent him, whether he would require a subpoena for his deposition, and
4  whether they would accept service of a subpoena on his behalf.  Porto Decl. ¶ 2.  On meet and
5  confer calls between May 15 and May 30, 3019, counsel for Symantec indicated they did not
6  know if they represented Clark and stated that they were unable to accept service of a subpoena on
7  his behalf.  *Id.* ¶ 4.  Zscaler subsequently informed Symantec that it would proceed with
8  subpoenaing Clark.  *Id.*, Ex. C.

9  Zscaler first attempted to serve Clark at an address in Hillsborough on June 6, 2019.  Porto
10 Decl., Ex. D (Aff. of Due Diligence received from Nationwide Legal, LLC detailing the service
11 attempts).  The process server rang the call button a few times to no avail.  *Id.*  Eventually, a
12 woman answered the call and asked what the process server wanted.  *Id.*  The process server heard
13 a male voice in the background "having a coaching conversation."  *Id.*  The woman stated that
14 Clark did not live there and hung up.  *Id.*  The process server tried again on June 9, 2019.  *Id.*  He
15 rang the bell a few times and heard no answer.  *Id.*  The process server tried again on June 11,
16 2019, serving the subpoena on Alicia Torres, described by the process server as a "co-occupant."
17 *Id.*; *see also* Porto Decl., Ex. E (Proof of Service).

18 On a June 19, 2019 meet and confer call, counsel for Symantec stated that they did not
19 believe Clark was properly served and reiterated that they did not represent him.  *Id.* ¶ 10.  Zscaler
20 attempted to serve Clark again at the Hillsborough address and a new address in San Francisco but
21 was unable to do so.  *Id.*, Exs. F (Aff. of Due Diligence from Nationwide Legal, LLC detailing
22 service attempt at same Hillsborough address on June 21, 2019) & G (Aff. of Due Diligence
23 received from Nationwide Legal, LLC detailing the service attempt at San Francisco address on
24 June 21, 2019).

25 Zscaler filed the present motion on June 21, 2019, arguing that Clark and Symantec's
26 counsel are employing "improper and tenuous measures" to avoid Clark's deposition.  Mot. at 4.

27
28

It notes that fact discovery closes June 28, 2019[1] and that it "cannot continue expending time and resources on failed service attempts where a witness appears to have purposely evaded contact with process servers, and will presumably continue to do so." Mot. at 4. Zscaler maintains that service by certified mail will not violate the principles of due process because it is reasonably calculated to provide timely notice. *Id.*

In its opposition, Symantec argues Clark does not have unique knowledge because, as former CEO, he is a "quintessential apex witness," and it did not list him in its initial disclosures or designate him as a Rule 30(b)(6) deponent.[2] Opp'n at 1-2. Symantec further argues Clark did not evade service; rather, Zscaler knowingly served the wrong address multiple times. *Id.* at 2. Finally, Symantec argues Zscaler's motion is an improper attempt to request that the Court rewrite Rule 45(b). *Id.* at 3-4.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs subpoenas issued to third parties. Rule 45(b) provides that "[s]erving a subpoena requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). The majority rule is that Rule 45 requires personal service, as opposed to service by mail. *Chima v. U.S. Dep't of Def.*, 23 F. App'x 721, 724 (9th Cir. 2001) ("service by mail rather than by personal service" of subpoena duces tecum on defense witnesses held improper); *In re: Ex Parte Appl. of Pro-Sys Consultants & Neil Godfrey*, 2016 WL 6025155, at *1 (N.D. Cal. Oct. 14, 2016) (collecting cases). However, a growing but still minority trend among courts has been to allow substitute service of a Rule 45 subpoena via alternative methods, such as mail delivery pursuant to a court order. *In re Pro-Sys Consultants*, 2016 WL 6025155, at *2 (collecting cases); *Khan v. Rogers*, 2018 WL 5849010, at *4 (N.D. Cal. Nov. 6, 2018) (recognizing trend permitting service by mail pursuant to court order). "Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence

---

[1] *See* 4/29/19 Scheduling Order, ECF No. 257. However, after Zscaler filed its motion, Judge Tigar extended the deadline to August 9, 2019 for the limited purpose of deposing certain witnesses. ECF No. 286. The extended deadline does not affect this Order.

[2] The Court notes that this argument is more appropriate if a subpoena is issued at the motion to quash stage.

1  in attempting to effectuate personal service." *Fujikura Ltd. v. Finisar Corp.*, 2015 WL 5782351,
2  at *5 (N.D. Cal. Oct. 5, 2015) (citing *Toni Brattin & Co. v. Mosaic Int'l, LLC*, 2015 WL 1844056,
3  at *4 (N.D. Cal. Apr. 9, 2015).

### IV. DISCUSSION

Here, the Court is not inclined to follow the recent trend of permitting alternate service at this time because Zscaler has not provided sufficient evidence of its diligence in its efforts to serve Clark. Although Zscaler attempted service at a residence in Hillsborough, it provides no evidence the Hillsborough address is Clark's residence. In fact, a woman at the home informed the process server that Clark did not live there, but Zscaler's process server did not ask her whether she knew Clark or for help locating him, nor did the process server conduct surveillance in an attempt to determine if he did. Porto Decl., Ex. D. Zscaler then tried serving Clark at the same address three more times but, again, there is no indication the process server asked for help locating him or conducted surveillance (other than waiting a "few minutes" on June 9). *Id.* The process server ultimately gave service papers to Alicia Torres, who the process server states is a "co-occupant" at the Hillsborough address, *id.*, but Zscaler presents no evidence that Torres and Clark are, in fact, co-occupants or that the process server confirmed Torres lives at the house. Other than the Hillsborough address, Zscaler's only other service attempt came on the same day it filed the present motion, when it unsuccessfully attempted service a single time at an address in San Francisco. *Id.*, Ex. G. Again, Zscaler provides no evidence that the San Francisco address is Clark's residence, and a single attempt at service on the day it filed this motion cannot establish diligence.

Zscaler's service attempts do not establish the requisite diligence other courts have found is needed to justify authorizing service by mail. *Compare In re Pro-Sys Consultants*, 2016 WL 6025155, at *2 (granting motion for service by overnight courier where process server attempted service at third party's known residence on eight separate occasions, and counsel also spoke with the third party, who indicated that he would not accept service of the subpoena); *Toni Brattin*, 2015 WL 1844056, at *1, 4 (permitting service by certified mail where party sent process servers to third-party's place of business on two occasions and to her residence on four more occasions,

4

but third party "feigned absence" when a process server requested her presence at the place of business and her husband "forcefully removed a process server"), *with Hinrichsen v. Quality Loan Serv. Corp.*, 2017 WL 5759829, at *3 (S.D. Cal. Nov. 27, 2017) (denying motion for service by mail where process server visited the third parties' residence several times over a four-day period, but never asked anyone he observed at the residence for assistance in locating them); *In re Appl. of Hulley Enters.*, 2017 WL 8180604, at *2 (C.D. Cal. Sept. 13, 2017) (denying motion to allow service by certified mail and stating "[r]egardless of whether a differently written rule might better 'secure the just, speedy, and inexpensive determination' of this proceeding . . . , the Court declines the Motion's invitation to rewrite the Rule [45].").

## V.   CONCLUSION

For the reasons stated above, the Court finds that at this time, Zscaler has not established the requisite diligence to justify adopting the minority view and authorizing service by certified mail. Accordingly, Zscaler's motion is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: July 5, 2019

THOMAS S. HIXSON
United States Magistrate Judge