KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
LEO L. LAM - # 181861
llam@keker.com
MATTHEW M. WERDEGAR - # 200470
mwerdegar@keker.com
JUSTINA K. SESSIONS - # 270914
jsessions@keker.com
BAILEY W. HEAPS - # 295870
bheaps@keker.com
DAVID J. ROSEN - # 296139
drosen@keker.com
NEHA MEHTA - # 298771
nmehta@keker.com
ANNA PORTO - #319903
aporto@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
ZSCALER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ZSCALER, INC.,<br><br>Defendant. | Case No. 3:17-cv-04426-JST<br><br>**DEFENDANT ZSCALER, INC.'S REPLY TO PLAINTIFF SYMANTEC CORPORATION'S RESPONSE TO ZSCALER'S MOTION TO AMEND SECOND ELECTION OF PRIOR ART**<br><br>Date:         August 1, 2019<br>Time:        2:00 p.m.<br>Courtroom: 9 – 19th Floor<br>Judge:       Honorable Jon S. Tigar<br><br>Date Filed:  December 12, 2016<br>Trial Date:   June 15, 2020 |

DEFENDANT ZSCALER, INC.'S REPLY TO PLAINTIFF SYMANTEC CORPORATION'S RESPONSE TO
ZSCALER'S MOTION TO AMEND SECOND ELECTION OF PRIOR ART
Case No. 3:17-cv-04426-JST

1332099

I. **INTRODUCTION**

Symantec argues that because it provided April 14, 2005 as the "earliest" conception date for the '116 patent, and William Gauvin's deposition testimony "merely confirmed" that date, Zscaler lacks good cause to reelect the Etheridge reference. Symantec mischaracterizes the facts. Nowhere in Symantec's interrogatory response did Symantec identify April 14, 2005—or any other date—as the "earliest" one. Instead, Symantec offered an eleven-month range that began "approximately April 14, 2005," leaving an opening for an *even earlier* conception date. Symantec's ambiguous response defied the Patent Local Rules and prejudiced Zscaler by preventing it from focusing on a single conception date in electing prior art from its invalidity contentions. Upon learning of Symantec's actual, alleged conception date via Mr. Gauvin's deposition, Zscaler sought to amend its prior-art election within five weeks. A five-week period between discovering the basis for the amendment and seeking such amendment is diligent, and Symantec cites no authority suggesting otherwise. In any event, Symantec would not be prejudiced by Zscaler's re-election of the Etheridge prior art already set forth and claim-charted in Zscaler's existing invalidity contentions as of June 2018. No additional discovery would be required, and the Court's schedule would remain unchanged.

II. **ARGUMENT**

Zscaler should be permitted to amend its prior-art election because it was diligent in learning of the basis for its amendment and in seeking such amendment, and because Symantec will not be prejudiced by Zscaler's election of the Etheridge reference. *Intri-Plex Techs., Inc. v. NHK Int'l Corp.*, Case No. 17-cv-01097-EMC (EDL), 2019 WL 920206, at *2 (N.D. Cal. Jan. 15, 2019).

    A. **Zscaler Was Diligent in Seeking to Amend Its Prior-Art Election.**

        1. **Symantec mischaracterizes Mr. Gauvin's deposition as "confirming" its discovery response about its alleged conception date.**

Symantec repeatedly asserts that Zscaler was not diligent because Mr. Gauvin's deposition testimony "only confirmed" the alleged conception date that Symantec previously disclosed. *See* Opp. at 1, 3, 7, 9. Symantec's assertion is incorrect. Symantec did *not* previously

1

DEFENDANT ZSCALER, INC.'S REPLY TO PLAINTIFF SYMANTEC CORPORATION'S RESPONSE TO ZSCALER'S MOTION TO AMEND SECOND ELECTION OF PRIOR ART
Case No. 3:17-cv-04426-JST

1332099

disclose an April 14, 2005 conception date. Instead, Symantec offered April 14, 2005 as one possible date among an "approximate" range of dates spanning nearly one year. ECF No. 283-1 (Declaration of Anna Porto in Support of Motion to Amend Second Election of Prior Art), Ex. C (Symantec's First Supplemental Objections and Responses to Zscaler's First Set of Interrogatories) (offering a range "*between approximately April 14, 2005, and March 24, 2006*" (emphasis added)). Only after Mr. Gauvin's deposition did it become clear that Symantec had finally chosen a date among this range. Indeed, during its own redirect of Mr. Gauvin, Symantec sought to make its choice explicit by asking whether, "as of April 14th, 2005, [Mr. Gauvin] had conceived of the claim features" in claims 1 and 5 of the '116 patent, and Mr. Gauvin responded that he had. ECF No. 283-1, Ex. K (Excerpt from 2019.05.10 William Gauvin Deposition). Mr. Gauvin did not merely "confirm" what Symantec previously said in discovery; he identified a specific conception date for the first time.[1]

Any delay in Zscaler learning of Symantec's alleged conception date through Mr. Gauvin's testimony is of Symantec's own making. Symantec's statement that Zscaler failed to "demand Mr. Gauvin's deposition before the [prior-art election deadline in January 2019]" is false. Opp. at 3. In May 2018, Zscaler subpoenaed Mr. Gauvin requesting deposition testimony about topics including the "conception and reduction to practice" of the '116 patent. ECF No. 283-1, Ex. E (May 11, 2018 Deposition Subpoena to William Gauvin). Symantec responded that he was unavailable on the June 2018 date specified in the subpoena, and Zscaler requested that Symantec provide an alternate date as soon as possible. ECF No. 283-1, Ex. F (Correspondence from Williams to Yang). But Symantec failed to provide any date until Zscaler pressed it to do so several months later. ECF No. 283-1, Ex. N (Correspondence from Porto to Williams). Symantec never informed Zscaler of the explanation it now provides in a footnote, that it "understood that Mr. Gauvin was likely to be . . . a Rule 30(b)(6) witness," and that Symantec

---

[1] Symantec's reference to the documents it produced along with its vague interrogatory response does not help its cause. Zscaler "cannot be expected to divine [Syamtenc's] position from the documents produced." *Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, No. 14-CV-1296-JPS, 2017 WL 3130414, at *3 (E.D. Wis. July 24, 2017) (rejecting plaintiff's range of conception dates despite accompanying document production).

"did not want to burden him with multiple depositions." Opp. at 3.

### 2. Symantec should not benefit from its vague interrogatory response.

"[T]he Patent Local Rules require a patent holder to assert a specific date of conception, not a date range." *Finjan, Inc. v. Zscaler, Inc.*, Case No. 17-cv-06946-JST (KAW), 2019 WL 1528422, at *1 (N.D. Cal. Apr. 9, 2019) (rejecting three-year range of potential conception dates). Symantec's assertion that it disclosed "the earliest date" on which it would rely for the '116 patent is incorrect. Nowhere in Symantec's interrogatory response does Symantec state that April 14, 2005 would be the "earliest" date on which Symantec would assert the '116 claims were conceived. Furthermore, Symantec gave a date range beginning "approximately April 14, 2005," allowing it to assert even earlier dates. *Beckman Coulter, Inc. v. Sysmex Am., Inc.*, No. 18-CV-6563, 2019 WL 1875356, at *2 (N.D. Ill. Apr. 26, 2019) (rejecting range beginning "'about October 2, 1996' **leaving room for earlier dates**"). Symantec was required "to assert a particular date—not a start date, end date, or date range," and it failed to do so. *Blue Spike, LLC v. Adobe Sys., Inc.*, No. 14-CV-01647-YGR (JSC), 2015 WL 335842, at *7 (N.D. Cal. Jan. 26, 2015).

Symantec's focus on whether Zscaler "could have" identified the Etheridge reference in its Second Election of Prior Art is misplaced. *See* Opp. 1, 6. Electing prior art is a strategic decision that involves assessments of the relative strength of various prior-art references across several patents and claims, and Zscaler should not be expected to make those strategic decisions in the dark, based on attempts to ascertain the meaning of Symantec's vague discovery response. As this Court has explained, the very reason such date ranges are prejudicial is because they prevent a defendant from "focusing its discovery efforts on a specific conception date,"—as Symantec's interrogatory response did here. *Finjan*, WL 1528422, at *1. The question is not whether Zscaler "could have" elected other references in January 2019; it is whether Zscaler was expected to base its strategic decisions regarding prior art on what it could "divine [of Symantec's] position." *Beckman Coulter, Inc.*, 2019 WL 1875356 at *2. It was not. Symantec cannot nearly two years later have its inventor clarify its actual chosen conception date, only to claim that date has been clear all along.

3
DEFENDANT ZSCALER, INC.'S REPLY TO PLAINTIFF SYMANTEC CORPORATION'S RESPONSE TO
ZSCALER'S MOTION TO AMEND SECOND ELECTION OF PRIOR ART
Case No. 3:17-cv-04426-JST

1332099

### 3. Zscaler acted promptly in seeking to amend its election of prior art.

Within five weeks of Mr. Gauvin's deposition on May 10, 2019, Zscaler sought Symantec's agreement that Zscaler be permitted to reelect Etheridge in place of WatchGuard. ECF No. 283-1, Ex. L (June 14, 2019 correspondence between Porto and Grissum). Symantec rejected Zscaler's request. Zscaler then provided to Symantec a proposed, amended Election of Prior Art and informed Symantec that Zscaler would file the instant motion to amend its Second Election of Prior Art. *Id.*; Ex. M (Zscaler's Proposed Supplemental Election of Prior Art). Zscaler filed its motion on June 26, 2019. Doc. 283. The five-week period between Zscaler's deposition of Mr. Gauvin and Zscaler's informing opposing counsel of its request to amend its prior-art election was diligent. Indeed, courts in this district have found that far longer delays were diligent. *See Vasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*, No. C09-05897 RS (HRL), 2011 WL 940263, at *2 (N.D. Cal. Feb. 18, 2011) (waiting "almost four months after [a] deposition" to inform the defendant of its request to amend its contentions was diligent); *Radware Ltd. v. F5 Networks, Inc.*, No. C-13-02024-RMW, 2014 WL 3728482, at *2 (N.D. Cal. July 28, 2014) ("three months' delay in moving for leave to amend" was diligent). Symantec offers no authority suggesting that a five-week period between discovering a basis for amendment and moving the Court is not diligent.[2]

### B. Symantec Will Not Be Prejudiced by Zscaler's Amendment to Select Prior Art on Which It Previously Relied.

Symantec has not articulated any genuine way in which it would be prejudiced by Zscaler's reelection of the Etheridge reference, which Zscaler claim-charted against the '116 patent over one year ago. The only prejudice argument Symantec can muster is that had it known earlier that Zscaler would rely on the Etheridge patent application, it may have requested a deposition of the Etheridge inventors or documents related to the Etheridge patent. *See* Opp. At 7. Symantec's attempt to manufacture prejudice should be rejected. Indeed, Zscaler elected four

---

[2] Nor could Symantec argue that a five-week delay is non-diligent: just last month, Symantec argued before this Court that it had been diligent in allowing ***three months*** to elapse between discovering the basis for its amendment and seeking to amend its infringement contentions. *See* ECF No. 250, Symantec's Motion for Leave to Amend Its Infringement Contentions.

4
DEFENDANT ZSCALER, INC.'S REPLY TO PLAINTIFF SYMANTEC CORPORATION'S RESPONSE TO
ZSCALER'S MOTION TO AMEND SECOND ELECTION OF PRIOR ART
Case No. 3:17-cv-04426-JST

1332099

other patent applications in its January 2019 prior-art election, and eight other patents, yet Symantec has **not** requested any depositions or documents related to any of those elected prior-art patents and applications.  See ECF No. 283-1, Ex. J (Zscaler's Second Election of Prior Art).  Only two third-party depositions regarding prior art have taken place in this case, and both were initiated by Zscaler and pertained to prior-art products, as opposed to patents and applications.  In any event, if Symantec sincerely needs the discovery it now claims, Zscaler is amenable to post-cutoff deposition and document discovery regarding the Etheridge reference.  The parties have already agreed to conduct several depositions outside the close of fact discovery, including one deposition as late as August 9, 2019.  See ECF No. 285 at 2.

### III. CONCLUSION

Zscaler's motion to amend its second election of prior art should be granted because Zscaler has established good cause to amend, and because Symantec will not be prejudiced by Zscaler's reelection of previously relied-upon prior art.

Dated:  July 15, 2019

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

By: */s/ Matthew M. Werdegar*
ROBERT A. VAN NEST
LEO L. LAM
MATTHEW M. WERDEGAR
JUSTINA K. SESSIONS
BAILEY W. HEAPS
DAVID J. ROSEN
NEHA MEHTA
ANNA PORTO

Attorneys for Defendant
ZSCALER, INC.