UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>ZSCALER, INC.,<br><br>    Defendant. | Case No. 17-cv-04426-JST<br><br>**ORDER GRANTING IN PART DENYING IN PART MOTIONS TO FILE UNDER SEAL**<br><br>Re: ECF Nos. 308, 315 |

Defendant Zscaler, Inc. moves to file under seal portions of its Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge ("Motion") and Exhibit A to its Motion. ECF No. 310. Plaintiff Symantec Corp. moves to file under seal portions of Exhibit A to Zscaler's Motion. ECF No. 315. Both Zscaler and Symantec have filed declarations in support of sealing. ECF Nos. 308-1, 315-1. The Court will grant in part and deny in part Zscaler's motion. The Court will grant Symantec's motion. Symantec is the designating party as to all material sought to be sealed.

## I. LEGAL STANDARD

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill

the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required to overcome the strong presumption of access depends on the type of motion to which the document is attached. "[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). To overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal citations omitted).

On the other hand, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Instead, a party need only make a showing under the good cause standard of Rule 26(c) to justify the sealing of the materials. *Id.* at 1097. A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2374 (2012).

## II. DISCUSSION

Because the parties move to file under seal documents connected with a motion for relief from a nondispositive order regarding discovery, the court will apply the "good cause" standard. *See Ctr. For Auto Safety*, 809 F.3d at 1097 ("Applying the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the private interests of litigants are 'the only weights on the scale.'" (quoting *Kamakana*, 447 F.3d at 1180)).

Zscaler moves to file under seal portions of its Motion and Exhibit A to its Motion. The

redacted portions of the Motion contain technical, financial, and sales information that Symantec designated as confidential. ECF No. 308 at 2. Good cause exists to seal the redacted portions of the Motion, and this request is narrowly tailored. *See Ctr. for Auto Safety*, 809 F.3d at 1097, 1101. The Court accordingly grants the motion to file portions of its Motion under seal.

Zscaler also moves to seal the entirety of Exhibit A, which consists of 57 pages of deposition excerpts. Because some of the proffered testimony appears not to be privileged, protectable as a trade secret or otherwise entitled to protection under the law, however, the Court cannot conclude the request is narrowly tailored. *See* Civil L.R. 79-5(b); *see also, e.g.,* ECF No. 308-5 at 34 (containing colloquy between counsel about whether a document had been previously produced); *id.* at 51 (same). The Court accordingly denies the motion to file the entirety of Exhibit A under seal.

Symantec moves to file under seal portions of Exhibit A to Zscaler's Motion. The Court finds that good cause exists for sealing the identified portions of this document. *See Ctr. for Auto Safety*, 809 F.3d at 1097, 1101. The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(b). The Court accordingly grants Symantec's motion.

## CONCLUSION

The Court grants in part and denies in part Zscaler's administrative motion to file under seal. The Court grants Symantec's motion to file under seal.

For the Motion, the "document filed under seal will remain under seal and the public will have access only to the redacted version, if any, accompanying the motion." Civil L.R. 79-5(f)(1).

For Exhibit A to the Motion, Zscaler shall file the redacted form of Exhibit A, ECF No. 315-3, within seven days. Civil L.R. 79-5(f)(3).

The briefing schedule on the underlying motion shall remain as originally set.

**IT IS SO ORDERED.**

Dated: August 16, 2019

JON S. TIGAR
United States District Judge