KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
LEO L. LAM - # 181861
llam@keker.com
MATTHEW M. WERDEGAR - # 200470
mwerdegar@keker.com
JUSTINA K. SESSIONS - # 270914
jsessions@keker.com
BAILEY W. HEAPS - # 295870
bheaps@keker.com
DAVID J. ROSEN - # 296139
drosen@keker.com
ANNA PORTO - #319903
aporto@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
ZSCALER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZSCALER, INC.,<br><br>　　　　　Defendant. | Case No. 3:17-cv-04426-JST<br><br>**REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Ctrm:　　9 – 19th Floor<br>Judge:　　Honorable Jon S. Tigar<br><br>Date Filed: December 12, 2016<br>Trial Date: June 15, 2020 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## I.   INTRODUCTION

The Magistrate Judge's Order preventing the deposition of Richard Hill rested on two factual findings: (1) that "[i]t is implausible to suggest that in the hours, or perhaps minutes, between Clark's resignation and Hill's appointment and participation in the earnings call, Hill could have acquired any unique, non-repetitive information"; and (2) that "any number of people" could testify to Mr. Hill's statements.  ECF 303 ("Order") at 4.  Both were clearly erroneous.  Rather than defend those factual findings, Symantec attempts to muddy the waters, arguing that Zscaler has made new arguments for the first time on appeal and that Zscaler has misunderstood the Magistrate Judge's order.  On both scores, Symantec is wrong; in the end, Symantec never presents a coherent defense of the clearly erroneous factual findings.  The Court should thus set them aside and order Mr. Hill to sit for a short deposition.  Mr. Hill made statements highly relevant to and indeed directly contradicting Symantec's damages contentions in this case, and no other Symantec deponent has been able to explain the bases for Mr. Hill's statements.  Nor has Symantec produced documents that explain them.  Under these circumstances, the Apex doctrine does not justify a protective order.

## II.   ARGUMENT

**A.**  The Magistrate Judge clearly erred in finding it "implausible to suggest that" Mr. Hill "could have" gained "unique, non-repetitive information" in the short period of time between his May 9, 2019 appointment as Interim CEO and his speaking on Symantec's earnings call later that day.  Order at 4.  As Zscaler explained in its Motion, the premise underlying the factual finding is wrong: Mr. Hill had ample opportunity to gain such knowledge in the many months prior when he served as a Symantec board member and advisor.  Opening Br. at 3-4, ECF 308-3.  Moreover, the Magistrate Judge's premise was undercut by Mr. Hill's own statements cataloguing how he "could have" obtained unique, non-repetitive information.  The supposition that Mr. Hill—who was chosen by Symantec's Board of Directors to serve as the company's CEO—***could not have*** gained any unique, non-repetitive information in many months around the company is simply not supportable.

Symantec's rejoinder that Zscaler fails to identify the specific "unique, non-repetitive

1

REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE
Case No. 3:17-cv-04426-JST

1341084

information" that Mr. Hill acquired serving on the company's Board, advising its former CEO, interacting with its sales organization, and working with its management team, Opp. at 4-5, ECF 328-4, misses the point.  Those dealings, over the course of many months, show that, contrary to the challenged factual finding, Mr. Hill had sufficient opportunity to acquire unique, non-repetitive information.  In any event, Symantec is wrong that Zscaler failed to identify the unique, non-repetitive knowledge Mr. Hill has obtained: since first seeking to depose Mr. Hill, Zscaler has consistently pointed to Mr. Hill's unexplained statements on the May 9 earnings call—*e.g.*, "[t]he move to the cloud was quicker than [Symantec] thought," "[w]e were behind with our product offering," "we had a weakness in our cloud solution"—as the basis for its request to depose an Apex witness.

Symantec's "waiver" argument fares no better.  *See* Opp. at 2-3.  Symantec argues that, because Zscaler did not specifically identify the various opportunities Mr. Hill had to gain unique, non-repetitive knowledge in prior proceedings, it cannot do so on appeal.  Zscaler specified some but not all the ways in which Mr. Hill "could have" gained such knowledge (see Opening Br. 3) because Symantec did not argue before the Magistrate that Mr. Hill lacked such opportunities.  Presumably, Symantec did not argue that Mr. Hill lacked the requisite knowledge to make the statements in question because that would amount to an admission that Symantec's CEO made uninformed or reckless statements on an earnings call.  In any event, it would be unfair to fault Zscaler for not specifying all the problems with an unanticipated factual issue that was not even raised by Symantec in its motion.  Indeed, barring parties from addressing on appeal factual findings not specifically urged below would immunize from appellate scrutiny any *sua sponte* finding that departs from the specific arguments pressed by the parties.  Zscaler is aware of no decision endorsing that odd result.

The case Symantec relies on does not suggest that Zscaler cannot address factual findings by the Magistrate Judge.  *See* Opp. 3 (citing *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638–39 (9th Cir. 1988), *overruled by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992)).  The appellant there urged, for the first time on appeal, a new basis for the ultimate relief he sought.  *See* 863 F.2d at 638 (arguing that he fell outside the scope of a particular regulation

2
REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE
Case No. 3:17-cv-04426-JST

1341084

that had been applied against him in administrative proceedings).  By contrast, Zscaler has consistently explained that Mr. Hill's deposition is warranted because of statements he made on the May 9 earnings call that no one else has been able to explain.  The other decision cited by Symantec, Opp. 3 (citing *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000)), is even further afield.  There the appellant introduced new evidence.  Zscaler has not done so here, relying on the same materials as cited to Magistrate Judge Hixson:  the transcript of the May 9 earnings call (cited on pages 4 and 5 of discovery letter brief at ECF 297) and the deposition transcripts of other Symantec employees (same).

**B.**  The Magistrate Judge also erred in finding that "any number of people" could testify to Mr. Hill's statements.  Contrary to Symantec's characterization, Zscaler does not wish to depose Mr. Hill about "general trend[s]" in Symantec's business, which Zscaler agrees *can* be generally addressed by lower-level deponents.  Here, Mr. Hill's deposition is necessary to address the bases for very specific statements made on the earnings call.  Zscaler has tried to elicit that information from others—and from requests for production—and no one has been able to provide it.[1]  Under those circumstances, the Apex doctrine does not shield Mr. Hill from deposition.

**III.    CONCLUSION**

Depositions, even of Apex witnesses, should only be prohibited in "extraordinary circumstances."  *Affinity Labs of Texas v. Apple, Inc.*, No. C 09-4436 CW (JL), 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011).  Given the relevance of Mr. Hill's public statements and Symantec's inability to provide any discovery explaining the bases for those statements, Symantec cannot meet its burden to show that extraordinary circumstances exist here.  The factual findings by the Magistrate Judge in ruling to the contrary are clearly erroneous and do not support the conclusion that Symantec has met its heavy burden.  The Court should thus set aside the Magistrate's findings and order Mr. Hill to sit for a brief deposition.

---

[1] Mr. Campbell could not explain Mr. Hill's statement about a weakness in Symantec's cloud solution; he testified that ▮▮▮▮▮▮▮▮▮▮▮▮ ECF 308-5, Campbell Dep. at 75:20-22.  Nor could Mr. Schoenfeld adequately explain the basis for Mr. Hill's statement that Symantec was behind with its product offering.  By his own admission, Mr. Schoenfeld ▮▮▮▮▮▮▮▮▮ and, in any event, did not address the weakness in Symantec's could solution.  *Id.*, Schoenfeld Dep. at 219:12-220:2.

3
REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE
Case No. 3:17-cv-04426-JST

1341084

| | |
|---|---|
| Dated: August 22, 2019 | Respectfully submitted, |
| | KEKER, VAN NEST & PETERS LLP |
| | By: */s/ Bailey W. Heaps* <br> ROBERT A. VAN NEST <br> LEO L. LAM <br> MATTHEW M. WERDEGAR <br> JUSTINA K. SESSIONS <br> BAILEY W. HEAPS <br> DAVID J. ROSEN <br> ANNA PORTO |
| | Attorneys for Defendant <br> ZSCALER, INC. |

4

REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE
Case No. 3:17-cv-04426-JST

1341084