KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
LEO L. LAM - # 181861
llam@keker.com
MATTHEW M. WERDEGAR - # 200470
mwerdegar@keker.com
JUSTINA K. SESSIONS - # 270914
jsessions@keker.com
BAILEY W. HEAPS - # 295870
bheaps@keker.com
DAVID J. ROSEN - # 296139
drosen@keker.com
ANNA PORTO - #319903
aporto@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188

Attorneys for Defendant
ZSCALER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>ZSCALER, INC.,<br><br>    Defendant. | Case No. 4:17-cv-04426-JST<br><br>**DEFENDANT ZSCALER, INC.'S OPPOSITION TO PLAINTIFF SYMANTEC CORPORATION'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:    January 22, 2020<br>Time:    2:00 p.m.<br>Dept:    6 – 2nd Floor<br>Judge:   Honorable Jon S. Tigar<br><br>Date Filed: December 12, 2016<br>Trial Date: June 15, 2020 |

---

DEFENDANT ZSCALER, INC.'S OPPOSITION TO PLAINTIFF SYMANTEC CORPORATION'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
Case No. 4:17-cv-04426-JST

1355415

**I.      INTRODUCTION**

In December 2017, Symantec filed a first amended complaint accusing Zscaler of infringement under 35 U.S.C. §§ 271(a) and (b).  That amended complaint, like Symantec's initial complaint, did not allege that Zscaler was liable for infringement under § 271(f).  Now, nearly two years later, after fact discovery has closed and after the parties have exchanged expert reports, Symantec requests leave to amend its complaint to add claims under § 271(f).  Symantec offers no good cause for its years-delayed proposed amendment.  Instead, it blames Zscaler for not alerting Symantec of its omission of § 271(f) claims from its complaint.  Symantec's argument turns on its head the long-standing principle that "the party who brings a suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913).  Symantec, not Zscaler, is the party with the obligation to assert the claims it wishes to pursue; Zscaler has no obligation to alert Symantec to other, un-pleaded claims that Symantec might or might not be able to assert.

Symantec's inability to establish good cause is fatal to its motion to amend, and Zscaler need not show any prejudice.  In any event, Zscaler would be prejudiced by Symantec's belated addition of new claims to its complaint.  Had Symantec sought a timely amendment during fact discovery, Zscaler would have explored Symantec's theories and bolstered its defenses against Symantec's § 271(f) claims, to which Symantec now assigns millions of dollars in damages.  Zscaler thus respectfully requests that the Court deny Symantec's motion.

**II.     BACKGROUND**

Symantec filed its initial complaint in this case in December 2016.  ECF No. 1.  In its complaint, for each of the asserted patents, Symantec alleged that Zscaler had engaged in "direct infringe[ment] in violation of § 271(a)." *Id.* at ¶¶ 25, 35, 43, 51, 61, 71, 79.  Symantec also asserted that Zscaler had induced infringement "in violation of § 271(b)." *Id.* at ¶¶ 26, 36, 44, 52, 62, 72, 80.  Symantec made no mention of § 271(f).

In September 2017, Symantec served its infringement contentions.  In its Disclosure of Asserted Claims and Infringement Contentions under Patent Local Rule 3-1, Symantec stated that "Zscaler's Cloud Security Platform literally and directly infringe[d] the . . . asserted claims" of

1

DEFENDANT ZSCALER, INC.'S OPPOSITION TO PLAINTIFF SYMANTEC CORPORATION'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
Case No. 4:17-cv-04426-JST

1355415

several patents. *See* ECF No. 347-2 at 1. Following that statement, Symantec included a table listing the patent numbers, asserted claims, and "statutory subsection(s)" for each asserted patent. *Id.* at 1. For each of seven asserted patents and 158 asserted claims, Symantec listed "35 U.S.C. §§ 271(a)-(c), (f)" as statutory subsections. *Id.* at 1-2. Other than this mention of "(f)" in its table, Symantec's infringement contentions did not cite § 271(f) or otherwise explain its contentions under that subsection.

Three months later, on December 22, 2017, Symantec filed its first amended complaint, which remains the operative complaint in this case. ECF No. 139. As in its initial complaint, Symantec accused Zscaler of direct infringement under § 271(a) and induced infringement under § 271(b). *See* ECF No. 139 at ¶¶ 45-46, 55-56, 65-66, 75-76, 85-86, 97-98, 107-108. And as in its initial complaint, Symantec did not allege that Zscaler had violated § 271(f) for any asserted patent.[1]

In May 2018, more than one year after the Court's deadline for the parties to amend the pleadings and well into fact discovery, Symantec moved for leave to amend its complaint a second time. ECF No. 193. As in its earlier complaints, Symantec's proposed amended complaint included allegations that Zscaler had violated §§ 271(a) and (b), and like Symantec's prior pleadings, made no mention of § 271(f). *See* ECF No. 193-8. The Court denied Symantec's motion (and thus the first amended complaint remains the operative complaint). ECF No. 221. Symantec has not amended its complaint or moved to amend its complaint since.

In May 2019, six weeks before the close of fact discovery, Symantec served several requests for production of documents. Some of those document requests asked Zscaler for information about "components (*i.e.*, software, software updates, hardware, and/or firmware,) . . . that Zscaler supplies or causes to be supplied from the United States." ECF No. 359-1 ("Shoemaker Decl."), Ex. G at 5. Symantec's document requests used language to which Symantec appended the parenthetical phrase "(as those terms are used in 35 U.S.C. § 271(f)(2))." *Id.* In response to Symantec's requests, Zscaler objected that the phrase "as those terms are used

---

[1] Symantec's first amended complaint also did not invoke § 271(c), despite its mention of that subsection in its infringement contentions three months earlier.

1   in 35 U.S.C. § 271(f)(2)" was vague and ambiguous, but Zscaler nonetheless answered the
2   requests as Zscaler understood them. *Id.* at 6. Symantec's document requests did not cite
3   § 271(f)(1).
4         Finally, on September 9, 2019, Symantec served its expert reports. In its infringement
5   report, Symantec's expert Aviel Rubin opined that Zscaler infringed claims of three of the
6   asserted patents under §§ 271(f)(1) and (f)(2), and provided pages of opinions based thereon. *See*
7   ECF Nos. 347-4, 347-5, 347-6. Relying on Dr. Rubin's opinions, Symantec's expert Brian
8   Napper also opined on § 271(f) liability in his damages report, attributing approximately $24
9   million in damages to liability under that subsection. ECF No. 347-7.
10        Zscaler requested to meet and confer with Symantec regarding its assertions under
11  §§ 271(f)(1) and (2) in its expert reports, given that Symantec had not included those assertions or
12  subsections in its pleadings or explained its theories under those subsections in its infringement
13  contentions. Shoemaker Decl., Ex. E. Following the parties' meet and confer, Zscaler moved to
14  strike certain portions of Symantec's experts' reports. ECF No. 347. That motion is currently
15  pending. Meanwhile, Symantec informed Zscaler that it would move for leave to amend its
16  complaint to add allegations under § 271(f). Shoemaker Decl., Ex. K at 5 (Oct. 8 Correspondence
17  from Williams). Zscaler requested that Symantec explain its good cause to amend its complaint
18  two years after the deadline for the parties to amend the pleadings. *Id.* Symantec responded that
19  "[a]s to good cause, Symantec [was] promptly addressing this issue in light of Zscaler raising it."
20  *Id.* Zscaler informed Symantec that it would oppose its motion for leave to amend its complaint.
21        Symantec also informed Zscaler that it would seek leave to amend its complaint in the
22  related case, "Case 2." *See* Shoemaker Decl., Ex. K. Given that fact discovery does not close in
23  Case 2 until April 2020, Zscaler informed Symantec that it would not oppose Symantec's motion
24  in that case. *See* 4:17-cv-04414-JST, ECF No. 253-4. The Court granted Symantec's motion,
25  and Symantec filed its second amended complaint on November 14, 2019. ECF Nos. 255, 256.

26  **III.   LEGAL STANDARD**
27        "In general, a motion to amend is subject to Rule 15." *Heath v. Google Inc.*, No. 15-CV-
28  01824-BLF, 2016 WL 4070135, at *2 (N.D. Cal. July 29, 2016). "However, once the district

3
DEFENDANT ZSCALER, INC.'S OPPOSITION TO PLAINTIFF SYMANTEC CORPORATION'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
Case No. 4:17-cv-04426-JST

1355415

court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16, which establishes a timetable for amending pleadings, that rule's standards control." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)) (alterations adopted).  "Rule 16 requires 'good cause' and the consent of the Court to amend a scheduling order." *Lil' Man in the Boat, Inc. v. City & Cty. of San Francisco*, No. 17-CV-00904-JST, 2019 WL 1756347, at *2 (N.D. Cal. Apr. 19, 2019) (quoting Fed. R. Civ. P. 16(b)(4)).  The "good cause standard 'primarily considers the diligence of the party seeking the amendment.'" *Id.* (quoting *Johnson*, 975 F.2d at 609).  Although "prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.  "If [the moving] party was not diligent, the inquiry should end." *Id.*

## IV.  ARGUMENT

### A.  Symantec has not demonstrated good cause to amend its complaint.

There is no question that Symantec's operative complaint fails to plead a claim for infringement under § 271(f).  And Symantec has not shown—and cannot show—that it has good cause to amend its complaint to add such a claim at this late stage of the case.  In particular, Symantec makes no attempt to explain why it did not include any § 271(f) infringement allegations in its operative complaint given its claim to have been pursuing a § 271(f) claim since the outset of the case.  *See GSI Tech., Inc. v. United Memories, Inc.*, No. 5:13-CV-01081-PSG, 2015 WL 4463742, at *3 (N.D. Cal. July 21, 2015) ("Delay is especially damaging to the plaintiff's motion [for leave to amend under Rule 16] where the facts were previously available and no reason is given for their exclusion from antecedent complaints.") (citation omitted).

Instead, Symantec argues that Zscaler should have divined Symantec's intent to plead a § 271(f) claim, and that Zscaler is therefore at fault for not raising Symantec's failure to do so sooner.  *See* Mot. at 12.[2]  But this argument turns the law on its head.  As the plaintiff, it is

---

[2] Symantec's Motion does not include page numbers.  Based on Symantec's Table of Contents, and for the purposes of citing Symantec's motion in this brief, Zscaler assumes that page 1 is the page titled "Notice of Motion and Motion" (which is page 5 of the filed pdf. document).

4
DEFENDANT ZSCALER, INC.'S OPPOSITION TO PLAINTIFF SYMANTEC CORPORATION'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
Case No. 4:17-cv-04426-JST

1355415

Symantec's "obligation to provide the grounds of [its] entitlement to relief" through its complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Symantec provides no authority for the proposition that Zscaler was obligated "to raise[] its alleged deficiencies in Symantec's complaint" with respect to § 271(f). Mot. at 12. To the contrary, the law is clear that it is Symantec's burden "to prosecute [its] case properly," and Symantec "cannot blame [Zscaler] for [its] failure to do so." *Johnson*, 975 F.2d at 610 (denying motion to amend complaint and rejecting plaintiff's argument that the defendant should have raised the basis for the plaintiff's amendment). In short, Symantec's claim that it did not realize it needed to amend its complaint to allege infringement under § 271(f) until Zscaler raised the issue in October is not a basis for a finding of diligence. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* at 609.

Coinciding with its attempt to shift the blame to Zscaler for its belated motion for leave to amend, Symantec also attempts to downplay the significance of its failure to plead infringement under § 271(f). But Symantec's attempt to characterize the complete omission of a cause of action as merely an "alleged deficiency" ignores that the essential purpose of its complaint is to provide "the defendant with fair notice of what the . . . claim is and the grounds upon which it rests." *Ramirez v. Cty. of Alameda*, No. 12-cv-4852 MEJ, 2013 WL 5934700, at *3 (N.D. Cal. Oct. 31, 2013) (quoting *Bell Atl. Corp.*, 550 U.S. at 555) (emphasis added). Having failed to include any allegations of liability or request for relief under § 271(f), Symantec did not put Zscaler on notice of any such claim. The implication of Symantec's argument—that Zscaler should have spent time and money speculating about claims that Symantec might have considered but omitted—is unsupported and untenable.

Finally, in apparent recognition that it cannot satisfy the good cause standard, Symantec posits the existence of a "§ 271(f)" exception to the pleading requirements of the Federal Rules of Civil Procedure. Symantec repeatedly cites *XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. 17-cv-03848-RS, 2019 WL 3413287 (N.D. Cal. July 29, 2019), for the proposition that a party need not plead § 271(f) allegations in its complaint if § 271(f) is included in its infringement contentions. But that case addressed only whether the plaintiff should be permitted in "the early stage[s] of

5
DEFENDANT ZSCALER, INC.'S OPPOSITION TO PLAINTIFF SYMANTEC CORPORATION'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
Case No. 4:17-cv-04426-JST

1355415

discovery" to amend its *infringement contentions* to add § 271(f) allegations. *Id.* at *5. The court did not conclude that a plaintiff may proceed on an infringement theory it failed to disclose in either its complaint *or* its infringement contentions, as Symantec failed to do here. In any event, if Symantec's position is that it need not amend its complaint, then it should withdraw its motion, rather than seek leave to amend while attempting to avoid the good cause standard.

### B. Zscaler would be prejudiced by the untimely amendment.

Even if Symantec had established good cause to amend its complaint, the Court should deny Symantec's motion because Zscaler would be prejudiced by the belated amendment. As Zscaler explained in its motion to strike, *see* ECF Nos. 347 and 355, Symantec's failure to include § 271(f) in its complaint deprived Zscaler of the opportunity to explore Symantec's newly disclosed theories of infringement, as well as timely develop its defenses in response to Symantec's claims of millions of dollars in "worldwide damages" based exclusively on those belated theories. *See Phoenix Techs. Ltd. v. VMware, Inc.*, No. 15-cv-01415-HSG, 2017 WL 1957042, at *7 (N.D. Cal. May 11, 2017) (explaining that failing to disclose an infringement theory "before the close of fact discovery prejudiced [the defendant] by forcing it to proceed through that phase of discovery without the ability to explore particular theories of infringement . . . or to establish facts necessary to support its affirmative defenses"). Had Zscaler known of Symantec's § 271(f) theories, it could have developed additional facts in discovery concerning non-infringing alternatives. Likewise, Zscaler could have pursued discovery relevant to Mr. Napper's damages opinions based on § 271(f), which are rooted in Symantec's claims about the value and importance of Zscaler's global reach. *See* ECF No. 346-6 (Napper Rpt. ¶¶ 385–422). For example, Zscaler could have tested these claims by seeking fact discovery from Symantec concerning Symantec's own assessments of the global secure-web-gateway market and drivers of customer demand for Symantec's security platform.

Symantec argues that Zscaler was not prejudiced by Symantec's failure to plead allegations of infringement under § 271(f), because Zscaler should have been aware of Symantec's claims through discovery. But Symantec cites no authority for the proposition that a plaintiff may elect to give a defendant notice of its claims through the plaintiff's own discovery

6
DEFENDANT ZSCALER, INC.'S OPPOSITION TO PLAINTIFF SYMANTEC CORPORATION'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
Case No. 4:17-cv-04426-JST

1355415

requests, rather than through its pleadings and contentions. Allowing a plaintiff to do so would undermine the notice-serving purpose of the complaint. *Ramirez*, 2013 WL 5934700, at *3 (explaining that the essential function of a complaint is to provide "the defendant with fair notice" of the plaintiff's claim) (emphasis added); *cf.* C*WT Canada II Ltd. P'ship v. Danzik*, No. 16-CV-0607-PHX-DGC, 2019 WL 79001, at *5 (D. Ariz. Jan. 2, 2019) ("[Plaintiff] argues that the parties have been on notice of the conversion claim since the beginning of the case because [defendant's] possible conversion came up during discovery . . . . [Plaintiff's] arguments are unavailing. The test for notice is based primarily on the complaint."); *High Rock Westminster St. LLC v. Bank of Am., N.A*, No. 13-cv-500 S, 2016 WL 4690393, at *11 (D.R.I. Sept. 7, 2016) (denying motion to amend complaint after fact discovery where "[plaintiff] merely argues that [defendant] will not be prejudiced by the tardy amendment because [defendant] should have known [plaintiff] intended to bring an asbestos claim based on [plaintiff's] discovery requests."); *Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 460, 461-62 (S.D.N.Y. 2007) (holding that "[t]he discovery was simply not adequate to put [the defendant] on notice" of an unpled claim).

Even if a plaintiff could provide the defendant notice through the plaintiff's discovery requests, Symantec did not do so here. In its motion to amend, Symantec relies on only one explicit citation to § 271(f) in its discovery requests: its addition of a parenthetical purporting to describe terminology in its documents requests as being "used in 35 U.S.C. § 271(f)(2)" that Symantec served at the end of fact discovery. Symantec's document requests still did not in any way make or explain any allegations under § 271(f)(2).[3] And Symantec's document requests still did not even cite § 271(f)(1), under which Symantec now seeks to make allegations in a second amended complaint. *See* Shoemaker Decl., Ex. A. Symantec's use of terms in its document requests that also appear in § 271(f)(2) thus did nothing to elucidate Symantec's new causes of action. Indeed, Symantec's proposed amended complaint itself undermines Symantec's argument that parenthetical reference to § 271(f)(2) in its document requests sufficiently disclosed its

---

[3] Indeed, incorporating definitions from unasserted causes of action is not uncommon. California plaintiffs pursuing claims under the Cartwright Act, for example, may incorporate definitions from the Sherman Act in their discovery requests. But incorporating definitions from a statute that is not at issue does not mean a plaintiff has pleaded a cause of action under that law.

7
DEFENDANT ZSCALER, INC.'S OPPOSITION TO PLAINTIFF SYMANTEC CORPORATION'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
Case No. 4:17-cv-04426-JST

1355415

theories. Symantec's proposed amendment purports to explain in detail the factual allegations on which Symantec's § 271(f) theory rests. *See id.* (devoting several lines to its allegations under § 271(f)). Thus, even if Symantec's reference to § 271(f)(2) in its document requests was intended to signal that Symantec was exploring allegations of infringement under that subsection, those requests failed to provide any notice of the substance of its theory under § 271(f) during fact discovery, and thus did not mitigate the prejudice to Zscaler.[4] Moreover, the fact that Symantec did not promptly seek to amend its complaint after receiving the relevant discovery responses from Zscaler further demonstrates a lack of diligence, and suggests that Symantec elected ***not*** to pursue such a theory.

Nor did Symantec's deposition of Dr. Sinha, Zscaler's Chief Technical Officer, provide Zscaler with notice of Symantec's § 271(f) claims. Symantec's questions of Dr. Sinha never explicitly referred to § 271(f), and Symantec does not argue otherwise. Instead, Symantec argues Zscaler should have surmised that the questions Symantec posed to Dr. Sinha about Zscaler's overseas business activities were meant to support Symantec's as-yet unasserted claims under § 271(f). According to Symantec, Zscaler's lack of objection that § 271(f) claims are not properly in the case shows Zscaler was aware of Symantec's claims under § 271(f). But Symantec does not explain what legitimate objection Zscaler could or should have interposed to this line of questioning, even if Zscaler had somehow divined Symantec's purpose. Symantec ignores that the issues discussed in a deposition may be broader than those in the complaint or properly at issue in the case. *See Detoy v. City & Cty. of San Francisco*, 196 F.R.D. 362, 366 (N.D. Cal. 2000) ("[One] of the most significant benefits of [a] deposition as a tool . . . [is] to explore previously undisclosed areas of a case that are revealed by a deponent during deposition questioning."). Indeed, courts often allow parties to amend their complaints with information learned during deposition. *See e.g.*, *Thieme v. Cobb*, No. 13-cv-03827-MEJ, 2016 WL 3648531

---

[4] Symantec also argues that the parties' discussion of § 271(f) in Case 2 means that Zscaler was not prejudiced in this case. But Symantec cites no authority for the proposition that discovery in the Case 2—a later case involving different patents and accused technology—properly puts Zscaler on notice of Symantec's claims in this case. Zscaler consented to Symantec's amendment in Case 2 because discovery is ongoing in that case, no expert reports have been served, trial is years away, and the prejudice of a tardy amendment can therefore be mitigated.

8
DEFENDANT ZSCALER, INC.'S OPPOSITION TO PLAINTIFF SYMANTEC CORPORATION'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
Case No. 4:17-cv-04426-JST

1355415

(N.D. Cal. July 8, 2016) (allowing amendment based on deposition testimony). And in any event, inquiries about Zscaler's overseas activities also are relevant to Symantec's existing infringement allegations under § 271(a), because for method claims, infringement can be established only if "every step of the method" is performed "within the United States." *France Telecom S.A., v. Marvell Semiconductor Inc.*, 82 F. Supp. 3d 987, 993 (N.D. Cal. 2015). Thus, Zscaler's defensive damages expert relies on Dr. Sinha's testimony to support reducing Symantec's damages claims commensurate with overseas activities under § 271(a). In short, Symantec's questioning of Dr. Sinha at the end of fact discovery does not show that Zscaler had notice of any unpled claims of infringement under § 271(f).

Finally, Symantec suggests that Zscaler's "possession of the technical details underlying Symantec's § 271(f) claims, including the knowledge [of Dr. Sinha]," mitigates the prejudice caused by its failure to plead. Mot. at 15. But Zscaler could not rely on the technical knowledge of Dr. Sinha (or any other employees or witnesses) to defend against hypothetical allegations that Symantec did not disclose during fact discovery. And Zscaler's access to its own witnesses does nothing to alleviate the prejudice caused by Zscaler's inability to test Symantec's theory through Symantec witnesses. Symantec's § 271(f) claims and allegations should have been pled no later than during fact discovery. Symantec's failure to do so prejudiced Zscaler.

## V.    CONCLUSION

For the reasons discussed above, Zscaler respectfully requests that Symantec's motion for leave to amend its complaint be denied.

| | |
|---|---|
| Dated: November 15, 2019 | Respectfully submitted, |
| | KEKER, VAN NEST & PETERS LLP |
| | By: */s/ Leo L. Lam* <br> ROBERT A. VAN NEST <br> LEO L. LAM <br> MATTHEW M. WERDEGAR <br> JUSTINA K. SESSIONS <br> BAILEY W. HEAPS <br> DAVID J. ROSEN <br> ANNA PORTO |
| | Attorneys for Defendant <br> ZSCALER, INC. |

9
DEFENDANT ZSCALER, INC.'S OPPOSITION TO PLAINTIFF SYMANTEC CORPORATION'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
Case No. 4:17-cv-04426-JST

1355415