1
2
3
4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    SYMANTEC CORPORATION,                    Case No. 17-cv-04426-JST

                    Plaintiff,
8
                                              **ORDER DENYING MOTION TO**
9         v.                                  **AMEND SECOND ELECTION OF**
                                              **PRIOR ART**
10   ZSCALER, INC.,
                                              Re: ECF No. 283
                    Defendant.
11

12

13        Before the Court is Defendant Zscaler, Inc.'s motion for leave to amend its Second

14   Election of Prior Art for asserted U.S. Patent No. 7,735,116 ("the '116 patent").  ECF No. 283.

15   The Court will deny the motion.

16   **I.       BACKGROUND**

17        The parties compete in the computer security software market.  Plaintiff Symantec

18   Corporation brought suit against Zscaler in December 2016, alleging infringement of seven of

19   Symantec's patents, including the '116 patent.  ECF No. 1.  On August 31, 2017, Symantec

20   provided in an interrogatory response that inventor William Gauvin conceived of the invention

21   claimed in the '116 patent "between approximately April 14, 2005, and March 24, 2006, when the

22   patent application was filed" – an eleven-month range.  ECF No. 288-2 at 10.  On May 10, 2019,

23   Gauvin clarified during his deposition that he had conceived of the invention by April 14, 2005.

24   ECF No. 283-1 at 176.

25        On January 12, 2018, Zscaler filed its first election of asserted prior art.  *Id.* at 26.  In it,

26   Zscaler included six references anticipating the '116 patent, two of which are relevant here: U.S.

27   Patent Application Publication No. 2004/0054925 A1 by Etheridge et al., published March 18,

28   2004 ("Etheridge") and "WatchGuard® System Manager Fireware Configuration Guide v8.2,"

United States District Court
Northern District of California

1  published November 2005 ("WatchGuard").  *Id.* at 28-29.  On January 11, 2019, Zscaler made its

2  second election of prior art.  *Id.* at 168.  This time, Zscaler listed four references anticipating the

3  '116 patent – including WatchGuard but omitting Etheridge.  *Id.* at 169-70.

4  On June 14, 2019, counsel for Zscaler sent an email to counsel for Symantec, requesting

5  permission to reelect Etheridge in place of WatchGuard in light of Gauvin's May 10, 2019

6  testimony indicating an April 14, 2005 conception date.  ECF No. 288-7 at 2.  Symantec's counsel

7  rejected that request, noting that Gauvin's deposition testimony "merely confirmed the April 14,

8  2005 conception date that Zscaler has known about for almost two years."  ECF No. 288-4 at 2.

9  Zscaler now moves for leave to amend its second election of prior art.  ECF No. 283.

10  Symantec opposes the motion, ECF No. 288, and Zscaler has filed a reply, ECF No. 301.

## II.  LEGAL STANDARD

12  Zscaler argues that the legal standard governing its motion is the same as that applicable to

13  motions for amendment of invalidity contentions under the Patent Local Rules, requiring a

14  showing of diligence and lack of prejudice.  ECF No. 283 at 5.  Meanwhile, Symantec contends

15  that the Court should analyze this motion under the standard for extending time set by Federal

16  Rule of Civil Procedure 6(b), which requires a showing of excusable neglect.  ECF No. 288 at 6.

17  Zscaler provides no response to this line of argument.  *See* ECF No. 301.

18  "Amendment of the Infringement Contentions or the Invalidity Contentions may be made

19  only by order of the Court upon a timely showing of good cause."  Patent L.R. 3-6.  "Non-

20  exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party,

21  support a finding of good cause include: '(a) [a] claim construction by the Court different from

22  that proposed by the party seeking amendment; (b) [r]ecent discovery of material, prior art despite

23  earlier diligent search; [and] (c) [r]ecent discovery of nonpublic information about the Accused

24  Instrumentality which was not discovered, despite diligent efforts, before the service of the

25  Infringement Contentions.'"  *Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 12-cv-0630-LHK-PSG,

26  2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013) (quoting Patent L.R. 3-6).

27  In determining whether to grant leave to amend, the court first considers whether the

28  moving party was diligent in amending its contentions.  Many courts hold that only if that criterion

United States District Court
Northern District of California

2

United States District Court
Northern District of California

is satisfied may the court then consider whether the non-moving party would suffer prejudice if the motion to amend were granted.  *See, e.g., Acer, Inc. v. Tech. Props. Ltd.*, Case No. 5:08-CV-00877 JF (HRL), 2010 WL 3618687, at *5 (N.D. Cal. Sept. 10, 2010).  "If the court finds that the moving party was not diligent in amending its infringement contentions, there is no need to consider the question of prejudice to the non-moving party, although a court in its discretion may elect to do so."  *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 12-cv-00630 LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012).

Under Federal Rule of Civil Procedure 6(b), " (1) When an act . . . must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on a motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  "Excusable neglect" is assessed by balancing four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007).

## III.    DISCUSSION

As a preliminary matter, the Court need not decide whether Rule 6(b) applies to the instant motion.  Under either of the legal standards proffered by the parties, it is Zscaler's burden to show a good reason for waiting until now to seek leave to amend its prior art elections – whether to show diligence under Patent Local Rule 3-6 or excusable neglect under the Federal Rules.  This Zscaler cannot do, for the simple reason that the Etheridge reference predates every iteration of the conception date ever asserted by Symantec.

Zscaler has known that April 14, 2005 was the earliest possible conception date for the '116 patent since at least August 31, 2017, when Symantec responded to interrogatories by noting that Gauvin conceived of the invention claimed in the patent "between approximately April 14, 2005, and March 24, 2006, when the patent application was filed."  ECF No. 288-2 at 10.  The fact that the possibility of a conception date later than April 2005 was left open by this response does not explain why Zscaler chose to drop the March 2004 Etheridge reference and maintain the November 2005 WatchGuard reference in its second election of prior art.  The only answer

United States District Court
Northern District of California

1    Zscaler offers to this central question is that "[e]lecting prior art is a strategic decision that

2    involves assessments of the relative strength of various prior-art references across several patents

3    and claims," and Zscaler "should not be expected to make those strategic decisions in the dark,

4    based on attempts to ascertain the meaning of Symantec's vague discovery response."  ECF No.

5    301 at 4.  But Symantec's discovery response was not vague – while it provided for an eleven-

6    month range of possible conception dates for the '116 patent, that range was not indeterminate.

7    Moreover, the April 14, 2005 conception date Gauvin eventually identified when deposed was

8    consistent with that previously identified range.[1]

9         The fact that the Etheridge reference predates both the entire earlier-identified range of

10   dates listed in Symantec's interrogatory responses and the later-provided date specified by Gauvin

11   is determinative here.  Zscaler has provided no compelling explanation as to why it chose to drop

12   Etheridge from its second election of prior art in January 2019, only to then attempt to reassert that

13   reference in June 2019.  As Symantec rightly emphasizes, the intervening deposition of Gauvin

14   provided Zscaler with no truly new information.  The most plausible inference is that Zscaler is

15   merely using that deposition as a post-hoc rationalization for a late-breaking strategic decision to

16   attempt to bring the Etheridge reference back into the case.  While the Court is sympathetic to the

17   many strategic considerations inherent in complex patent litigation such as this, Zscaler's attempt

18

---

19   [1] As Zscaler correctly points out, "[i]n general, courts in this district have held that the Patent
20   Local Rules 'require[ ] a patent holder to assert a specific date of conception, not a date range.'"
     *Finjan, Inc. v. Zscaler, Inc.*, No. 17CV06946JSTKAW, 2019 WL 1528422, at *1 (N.D. Cal. Apr.
21   9, 2019) (quoting *Harvatek Corp. v. Cree, Inc.*, Case No. 14-cv-5353-WHA, 2015 WL 4396379,
     at *2 (N.D. Cal. July 17, 2015)); *see also Blue Spike, LLC v. Adobe Sys., Inc.*, Case No. 14-cv-
22   1647-YGR (JSC), 2015 WL 335842, at *7 (N.D. Cal. Jan. 26, 2015) ("This rule requires a
     patentee to assert a particular date--not a start date, end date, or date range.").  Courts have applied
23   this requirement to interrogatory responses in patent cases.  *E.g.*, *OpenTV, Inc. v. Apple Inc.*, Case
     No. 15-cv-2008-EJD (NC), 2016 WL 3196643, at *2 (N.D. Cal. June 9, 2016) (striking conception
24   dates in interrogatory responses where the patentee failed to identify a specific conception date).
     Furthermore, "[a] patent holder's asserted priority and conception date is pivotal to the accused
25   infringer's assessment of relevant prior art."  *Id.* (citing *Taurus IP, LLC v. DaimlerChrysler Corp.*,
     726 F.3d 1306, 1323 (Fed. Cir. 2013).  Zscaler never moved to compel Symantec to select a
26   specific date of conception.  Moreover, as discussed above, the fact that Symantec identified a
     date range as opposed to a specific date could not reasonably have affected Zscaler's prior art
27   election in this case.

28

1  to correct its apparent oversight by bringing the motion now before the Court must fail.

2         Having found that Zscaler was not diligent in seeking leave to amend, the Court will not

3  address whether Symantec would be prejudiced if leave to amend were granted.

4  **CONCLUSION**

5         For the reasons above, Zscaler's motion to amend its second election of prior art is denied.

6         **IT IS SO ORDERED.**

7  Dated:  December 2, 2019



8

9                          JON S. TIGAR
                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California