**BAKER BOTTS L.L.P.**
Kurt M. Pankratz (SBN 24013291) (Pro Hac Vice)
kurt.pankratz@bakerbotts.com
Chad C. Walters (SBN 24034730) (Pro Hac Vice)
chad.walters@bakerbotts.com
James Williams (SBN 24075284) (Pro Hac Vice)
james.williams@bakerbotts.com
Harrison Rich (SBN 24083730) (Pro Hac Vice)
harrison.rich@bakerbotts.com
Clarke Stavinoha (SBN 24093198) (Pro Hac Vice)
clarke.stavinoha@bakerbotts.com
Morgan Grissum (SBN 24084387) (Pro Hac Vice)
morgan.grissum@bakerbotts.com
Bryan Parrish (SBN 24089039) (Pro Hac Vice)
bryan.parrish@bakerbotts.com
Casey L. Shomaker (SBN 24110359) (Pro Hac Vice)
casey.shomaker@bakerbotts.com
2001 Ross Avenue, Suite 900
Dallas, TX 75201
Tel: (214) 953-6500
Fax: (214) 953-6503

Wayne O. Stacy (SBN 341579)
wayne.stacy@bakerbotts.com
101 California Street, Suite 3600
San Francisco, CA 94111
Tel: (415) 291-6206
Fax: (415) 291-6306

Attorneys for Plaintiff
SYMANTEC CORPORATION

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND**

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>          Plaintiff,<br><br>  vs.<br><br>ZSCALER, INC.,<br><br>          Defendant. | Case No. 4:17-CV-04426-JST<br><br>**SYMANTEC'S REPLY IN SUPPORT OF ITS MOTION UNDER FED. R. CIV. P. 25(C) TO JOIN NEW PATENT OWNER CA, INC. AS A PLAINTIFF**<br><br>The Honorable Jon S. Tigar<br><br>Date Filed: December 12, 2016<br>Trial Date: June 15, 2020 at 8:00 am |

BAKER BOTTS L.L.P.

BAKER BOTTS L.L.P.

1  **I.      INTRODUCTION**

2          Symantec requests that the Court join new patent owner CA as a co-plaintiff under Federal

3  Rule of Civil Procedure 25(c).  In opposition, Zscaler argues that the Court should substitute CA

4  in place of Symantec or otherwise require Symantec to appear in the case as NortonLifeLock, Inc.

5  Each of Zscaler's arguments should be rejected.

6          First, Zscaler contends that the Court should deny joinder and instead order substitution of

7  CA.  Yet, Zscaler has not identified a single case denying the requested relief of joinder, let alone

8  ordering substitution over joinder.  Moreover, Zscaler's primary basis for opposing joinder—that

9  joinder is only proper where an original party retains an interest, and Symantec did not retain an

10  interest in the asserted patents—directly conflicts with Rule 25(c).  That rule explicitly

11  contemplates joinder of a transferee with an original party where, as here, the original party

12  transferred full interest in the action.  Indeed, as explained in Symantec's motion, this District has

13  frequently denied substitution and, instead, ordered joinder of a transferee with an original party

14  after a patent transfer

15          Second, Zscaler argues that if the Court allows Symantec to remain in the case, then

16  Symantec should be required to amend the pleadings to reflect its new name—NortonLifeLock,

17  Inc.  As an initial matter, unlike the Western District of Washington case upon which Zscaler

18  relies, Zscaler has not moved to amend the case caption.  Regardless, at this stage of litigation,

19  changing Symantec's name to NortonLifeLock would result in nothing more than jury confusion.

20          For at least these reasons and the additional reasons set forth below, the Court should join

21  CA as a plaintiff in this case.

22  **II.     ZSCALER'S JOINDER ANALYSIS IS FLAWED**

23          Without any support, Zscaler rewrites the standard for joinder under Rule 25(c).  In

24  particular, Zscaler argues that joinder is not proper because Symantec "transferred away all rights

25  at issue in this case" and thus "has no continued interest in (or basis to litigate) it."  *See, e.g.*,

26  Opposition (Dkt. No. 372) at 1.  Zscaler's argument should be rejected.

27          First, Zscaler rewrites Rule 25(c) to ***exclude*** joinder where, as here, an interest is fully

28  transferred.  According to Zscaler, joinder is only appropriate where an original party retains some

1   interest. *Id.* But Rule 25(c) is not so constrained.  Rule 25(c) provides that "*[i]f an interest is*

2   *transferred*, the action may be continued by . . . the original party unless the court, on motion,

3   orders the transferee to be substituted in the action *or* joined with the original party." Fed. R. Civ.

4   P. 25(c) (emphasis added).  The plain language of Rule 25(c) permits joinder when "an interest is

5   transferred," not when, as Zscaler suggests, "an interest is *partially* transferred."  Because the

6   asserted patents have transferred from Symantec to CA, the predicate condition of Rule 25(c)—

7   "an interest [that has been] transferred"—is met, and joinder is permissible.

8            Second, Zscaler's attempt to rewrite Rule 25(c)'s joinder provision is unsupported.

9   Zscaler has not identified a single case denying joinder of a transferee with an original party where

10  the original party transferred all interest to the transferee.  *See* Opposition (Dkt. No. 372) at 2-4.

11  Nor has Zscaler identified any case finding substitution more appropriate than joinder.[1]  *See id.*

12  Zscaler's suggestion that substitution is more appropriate where an original party does not retain

13  a continued interest is thus unsupported.  The Court should reject Zscaler's unsupported attempt

14  to rewrite Rule 25(c).

15  **III.    JOINDER OF CA IS APPROPRIATE**

16           Joinder of CA with Symantec is appropriate because it would allow this action to continue

17  unabated.  *See, e.g.*, Motion (Dkt. No. 369) at 1-2; *In re Bernal*, 207 F.3d at 598 ("Rule 25(c) is

18  not designed to create new relationships among parties to a suit but is designed to allow the action

19  to continue unabated when an interest in the lawsuit changes hands.").  Although Zscaler filed a

20  lengthy brief in opposition to Symantec's motion, Zscaler has not identified any harm or prejudice

21  that would result from the requested relief.  Nor could it.  As even Zscaler acknowledges, joinder

22  would have no impact on the substantive rights or interests of the parties.  Opposition at 2.

23           Finally, Zscaler's assertion that it "did not raise a standing issue" is incorrect.  In its answer

24  to Symantec's complaint, Zscaler denied that Symantec owned "the entire right, title and interest"

25  _____

26  [1] Symantec moved for joinder, and not substitution, under Rule 25(c).  Zscaler's attempt to request

27  substitution of CA in place of Symantec under Rule 25(c) in its opposition appears to be

28  procedurally improper, as Zscaler did not move for substitution.

BAKER BOTTS L.L.P.

in the asserted patents, "including the sole and undivided right to sue for infringement." *See* Symantec's First Amended Complaint (Dkt. No. 139) ¶¶ 7, 10-13; Zscaler's Answer to Symantec's First Amended Complaint (Dkt. No. 178) ¶¶ 7, 10-13. Given that Zscaler has preserved the issue of standing, joinder is appropriate for at least the additional reason that it would alleviate any concerns that Symantec or CA lacks standing to pursue this action. *See, e.g.*, *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, Case No. 18-cv-06737-JST, 2019 WL 690290, *1-3 (N.D. Cal. Feb. 19, 2019) (ordering joinder of a transferee, rather than substitution of that entity, to facilitate the resolution of any standing issues).

## IV.   SYMANTEC'S NAME SHOULD REMAIN AS "SYMANTEC CORPORATION"

Since its inception over three years ago, this case has proceeded under the case caption *Symantec Corporation vs. Zscaler, Inc.*, and the parties have referred to Plaintiff as Symantec Corporation. At this advanced stage in litigation—after the close of both fact and expert discovery—amending the pleadings to change Plaintiff Symantec's name to "NortonLifeLock, Inc." would be confusing and prejudicial. Indeed, jurors will see significant numbers of documents, including the asserted patents, data sheets, internal presentations, and competitive intelligence, among others, and products that are labeled with Symantec branding without any reference to "NortonLifeLock, Inc." And Zscaler provides no evidence or explanation suggesting otherwise.

The only case Zscaler cites to support its contention that Symantec's name should be changed is *Curwan v. Dynan*, No. C11-5598-BHS, 2012 WL 1977968 (W.D. Wash. June 1, 2012). But the facts in *Curwan* are distinguishable from those here. First, *Curwan* was in its early stages of litigation. Second, unlike *Curwan*, here Zscaler has not moved to amend the case caption. As such, the Court should decline Zscaler's invitation to change Symantec's name.

## V.   CONCLUSION

For at least the foregoing reasons, Symantec requests that the Court (1) grant its motion to join CA as a plaintiff, and (2) deny Zscaler's request to substitute CA or otherwise require Symantec to appear in the case as NortonLifeLock, Inc.

BAKER BOTTS L.L.P.

BAKER BOTTS L.L.P.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  December 17, 2019            Respectfully submitted,

BAKER BOTTS L.L.P.

 _/s/ Morgan Grissum_
Kurt M. Pankratz
Chad C. Walters
James Williams
Harrison Rich
Clarke Stavinoha
Morgan Grissum
Bryan Parrish
Casey L. Shomaker

Wayne O. Stacy (SBN 341579)
wayne.stacy@bakerbotts.com
101 California Street, Suite 3600
San Francisco, CA 94111
Tel: (415) 291-6206
Fax: (415) 291-6306

Attorneys for Plaintiff
SYMANTEC CORPORATION